## Richmond

BURROWS McNEIR v. GREER-HALE CHINCHILLA RANCH, A
PARTNERSHIP COMPOSED OF W. W. GREER, JR.,
AND DR. EDWARD E. HALE.

January 26, 1953.

Record No. 4019.

Present, Hudgins, C. J., Spratley, Miller, Smith, Whittle, JJ.

The opinion states the case.

*Charles G. Stone, Butzner & Butzner,* for plaintiff in error.

*J. Donald Richards, J. B. Browder, William H. Logan, F. H. Brumback,* for defendants in error.

MILLER, J., delivered the opinion of the court.

This action was brought by Wallace W. Greer, Jr., and Edward E. Hale, partners trading as Greer-Hale Chinchilla Ranch, against Burrows McNeir to recover $6,250 and interest, which represented the sale price of five pairs of chinchillas at $1,250 per pair, purchased by him from the partnership.

The parties will be referred to as plaintiffs and defendant in accordance with their positions in the trial court.

In grounds of defense filed by defendant, he admitted that the purchase price of the five pairs of chinchillas was as alleged, but he asserted that plaintiffs had represented and warranted that each pair was composed of young, normal animals of breeding age and that they were normal reproducing-type chinchillas and not barren or impotent. He further alleged that he had relied upon those statements, but that the animals did not meet or measure up to the representations and warranty in that they were not young and normal, but were impotent, or near-impotent, and did not reproduce a normal number of young. He also said that upon learning that the animals did not measure up to the seller's representations and warranty, he offered to return them but that his offer was declined, and he was thus necessarily caused to incur expense and costs in feeding and caring for the animals, which sums he asserted and sought to recover by way of cross-claim.

The trial resulted in a verdict in favor of plaintiffs for $6,250, the principal sum sued for, and from judgment entered thereon, writ of error was sought and obtained by defendant.

At the beginning of the trial the court ruled that as defendant had acknowledged the purchase and receipt of the animals for the price claimed, but relied upon an alleged warranty and its breach as his sole defense, the burden of proof was upon him to establish those facts, and he was required to offer his evidence first. 19 M. J., Trial, sec. 9, p. 11, and 53 Am. Jur., Trial, sec. 115, p. 101. No objection was made to this ruling, and defendant thereupon called one of the plaintiffs, Wallace W. Greer, as an adverse witness and examined him at length concerning the alleged warranty that defendant claimed he had made at the time of the sale.

The questions propounded to this witness and the answers given constitute about nineteen pages of the printed record. Some of them are irrelevant and unimportant. However, many of the questions were intended to elicit admissions from the witness that would show that to effect the sale he had made representations and statements having to do with the age, character and quality of the animals, and their capabilities and fitness for breeding purposes. At the conclusion of Greer's testimony, the court, on motion of plaintiffs' counsel, struck out certain evidence given by him, and this action is assigned as error.

The following constitute some of the most pertinent questions and answers asked of and given by the witness as to what happened when the sale was made that are relied upon by defendant as tending to show that the claimed warranty was made. Defendant insists that under the court's ruling these questions and answers were stricken out, and he says that was prejudicial error.

"Q. Didn't Mr. McNeir tell you that he became interested in chinchillas, and that he knew nothing in the world about the business himself?

"A. He did, sir.

"Q. And didn't he tell you that he was putting himself entirely in your hands to sell him the right kind of stock?

"A. He told me he wanted me to select the animals for him. I told him he would be given a group to select from, like everybody else.

"Q. Those eleven cages each contained a pair of animals?

"A. Yes, sir.

"Q. Didn't you tell him that they were all good type animals, and that he could not go wrong in selecting any five pairs in those cages?

"A. I said there are eleven pairs to pick from. It makes no difference to me what you pick."

\*     \*     \*     \*     \*     \*

"Q. You, of course, knew that Mr. McNeir was buying these animals for breeding stock rather than for pelting purposes?

"A. Yes, sir, I presume so.

\*     \*     \*     \*     \*     \*

"Q. You told him these animals were good normal breeding animals?

"A. Mr. McNeir was told they were all proven breeders, but one pair. We have these records with us, and they were up in front of the pen, and were presented to him."

* * * * * *

"Q. With reference to what I am calling Cage No. 2, I am referring to Female GHR59, said to have been born March 20, 1948. Didn't you tell Mr. McNeir that she had been bred or foaled on June 2, 1950, and that she was scheduled to litter on September 21, 1950?

"A. Was a proven breeder—on the 6th or 7th. I did not tell Mr. McNeir she was going to litter as of so and so."

When counsel for defendant concluded his examination of this witness, motion was made by counsel for plaintiffs to strike out as incompetent and irrelevant all of his testimony that had to do with any warranties as to the animals. The motion as it appears in the record, defendant's objection thereto, and the court's ruling thereon follow:

"Mr. Richards: May I make a motion? From all the evidence of this witness as to anything said as to warranties as to these animals, be stricken from the evidence. Everything else as alleged in the notice of motion has been admitted,—and the questions asked this witness as to warranty, are not competent or relevant to the issues before the Court.

"Mr. Stone: May I respond to say that these various questions have been asked this witness, and have been answered without objection. Objection has been made to some of them by the Court, and by counsel. I have examined the witness in the neighborhood of an hour or so, and counsel for the plaintiff comes along now and makes the motion to strike out his evidence. That is not according to procedure.

"The Court: I think the motion should be granted. I think it is a proper motion. Of course, it is up to the jury. They can disregard the evidence except so far as it pertains to the question of whether or not the plaintiff represented and guaranteed the animals to be good and normal animals of breeding age, and that they were of breeding age. No question of identity raised by plaintiff, and, therefore, any evidence on that part should be stricken out.

"Exception noted by Mr. Stone."

Defendant insists that the scope of the motion and the language used by the court in ruling thereon precluded the jury

from considering any of the testimony given by Greer that tended to show that the warranty was in fact made. He also insists that should it be concluded that the ruling was not intended to strike out that part of the witness's testimony having to do with the alleged warranty, then it was at least confusing, and the jury was not clearly or sufficiently advised as to just what part of the testimony had been stricken and what part was left before them for consideration.

Plaintiffs admit that the language used by the court was not clear and explicit, but they say that fairly construed, it did not take from the jury anything that tended to establish the claimed warranty.

After this ruling had been made, defendant and his wife testified that when they visited the chinchilla ranch and purchased the five pairs of animals, they were inexperienced and knew nothing concerning chinchillas or the propagating capacities of such animals and so informed Greer, and asked him to select five good breeding pairs for them. Greer, they say, selected ten pairs of animals (not eleven pairs as he stated), each pair being in a separate cage, and represented to them that each pair was good, normal reproducing-type animals of proper breeding age. They further said that they relied upon these representations, and were thus influenced to purchase five of the ten pairs so submitted to them to select from.

The representations and statements that defendant claimed were made by plaintiff, Greer, concerning the breeding qualities of the several pairs of chinchillas constituted a warranty of quality if, when the seller made them, he intended that they would be relied upon, and if they were in fact relied upon by defendant as an inducement to purchase.

"The form in which representations by the vendor are made, and the words in which they are expressed are comparatively, unimportant. The true question is, always, the effect and intention of the statements made by the vendor; and this (except when writings are to be construed) is a question for a jury." *Herron & Holland v. Dibrell,* 87 Va. 289, 296, 12 S. E. 674. 46 Am. Jur., Sales, sec. 322, p. 503, 1 Williston, *Sales* (Rev. Ed.) sec. 194, p. 498.

It was shown that the period of gestation of these animals is one hundred and eleven days, and defendant and his wife testified as to the number of young that had been reproduced by

the five pairs of animals over a period of approximately fifteen months. From the date of their purchase on June 28, 1950, to date of trial on September 27, 1951, only ten young had been born to the five pairs. Of the ten young so born in fifteen months, six were produced by one pair and only four young were born to the other four pairs. One of these four pairs produced two young, *but one pair, i.e., Cage No. 2, had no offspring.* A witness, Stanley W. Pangborn, who had been engaged in breeding and selling chinchillas for a considerable number of years, was then called and qualified as an expert in the business of raising and propagating these animals. His testimony showed that the pair that had produced six young should be rated excellent breeders. Yet when fairly weighed, his evidence would justify the conclusion that three of the other four pairs did not measure up to normal breeding animals; that is, they should have reproduced considerably more young during the fifteen months period than were born to them. The pair that had produced two young were borderline breeders.

It thus appears that a factual issue was presented which required that the jury decide whether or not the alleged warranty had been made concerning the reproducing qualities of the several pairs of chinchillas, and if so, whether or not that warranty had been breached.

■ If the testimony elicited from Greer was relevant to establish defendant's claim, and violated no specific rule of admissibility, it should not have been stricken. If pertinent to the factual issue or issues involved, and if, when considered in connection with other evidence, it helped to establish the defense or claim relied upon by defendant, or if it added force and strength to other evidence bearing upon the issue or issues presented, then defendant was entitled to have it considered by the jury.

"Evidence which adds force and effect to other evidence is competent." *Levine* v. *City of Lynchburg,* 156 Va. 1007, 1014, 159 S. E. 95.

"All facts having rational probative value are admissible unless some specific rule forbids. * * *" 1 Wigmore, *Evidence* (3d ed.), sec. 10, p. 293.

"Evidence which tends 'in an appreciable degree to sustain a material issue of facts' is admissible. (*Lyons* v. *Fairmont Real Estate Co.,* 71 W. Va. 754, 77 S. E. 525), and 'the safer and more

satisfactory rule is for the Court to admit whatever is relevant, and leave the question of weight for the jury.' " *Wilson* v. *Fleming*, 89 W. Va. 553, 562, 109 S. E. 810.

"It is said that all facts having rational probative value are admissible unless some specific rule forbids. However, the weight or probative value is not the criterion or test. If it tends even slightly to prove a fact relevant to any issue in the case and material or forceful in the determination thereof, it is admissible. The criterion of relevancy is whether or not the evidence tends to cast any light upon the subject of the inquiry. There are instances where the circumstances are such that the act in question, while perhaps somewhat remote, is not sufficiently irrelevant to render it inadmissible as a matter of law, and it may have such probative value and legal relevancy that the inferences which may be drawn therefrom are clearly proper for the jury. * * *"

\*  \*  \*  \* ·  \*  \*

"The rule governing the production of evidence is well settled that the evidence offered must correspond with the material and necessary allegations and be confined to the point in issue. It is not necessary, however, that the evidence should bear directly upon the issue. It is admissible if it tends to prove the issue, or constitutes a link in the chain of proof although, alone, it might not justify a verdict in accordance with it. * * *" 7 M. J., Evidence, sec. 38, pp. 374, 375.

Certainly that part of Greer's testimony that is set out above meets the test of these authorities, and as the factual issues made by the pleadings were ultimately allowed to go to the jury, defendant was entitled to have this testimony considered for what it was worth.

This brings us to a consideration of the scope and the effect, or probable effect, of the court's ruling. The motion to strike was broad and inclusive. Fairly appraised, it asks that all of Greer's testimony tending to show that any warranty was made, be taken from the jury. It is possible that counsel for plaintiffs believed that no statement or admission had been made that could be construed as tending to establish a warranty, or that he thought the testimony sought to be stricken could not add force to any evidence that might be later offered on that phase of the case. But in the light of other testimony that was thereafter given, we have concluded that part of the testimony was relevant

and might be reasonably construed as adding force and effect to the subsequently developed evidence. Thus it might have been of some value as tending to prove defendant's claim that a warranty was made.

The first two sentences in the court's ruling, "I think the motion should be granted. I think it is a proper motion," if given full effect, take all of this testimony from the jury. Standing alone, those clear and emphatic announcements granted the motion as made. The further statement of the court undertook to modify and limit this otherwise full and comprehensive allowance of the motion. However, when everything that the court said is considered, it is difficult at best to determine just what testimony was left before the jury for consideration and what was stricken out. The line of demarcation was not made clear and explicit. It should have been, so that the jury might have fully and intelligently understood and comprehended what they were allowed to weigh and evaluate, and what specific part of the testimony they were forbidden to consider.

"A party who asks to have evidence excluded that has been admitted without objection must recall and point out distinctly the objectionable answers or statements, or the Court may properly overrule the motion to exclude." *Norfolk & Western Railway* v. *Ampey*, 93 Va. 108, 126, 25 S. E. 226, 228.

"A motion to strike out all the evidence of a particular witness, or the whole of the evidence of one party should not prevail, although it may contain illegal or incompetent evidence, if it also contain other evidence proper to go to the jury. The motion in such case should be applied to the particular evidence regarded as illegal or incompetent." 7 M. J., Evidence, sec. 296, p. 693.

"When a party moves the court to exclude evidence, he should specify the evidence to which he objects; and when the motion is to exclude a mass of evidence, some of which is proper to be received, the motion may be properly overruled on account of its generality. The attention of the trial court should be specifically directed to assignments of error on the admission or rejection of evidence. And a party who asks to have evidence excluded, which has been admitted without objection, must recall and point out distinctly the objectionable answers or statements, or the court may properly overrule the motion to exclude." 7 M. J., Evidence, sec. 298, p. 697.

It may be that the jury concluded that all of the witness' testimony had been stricken out that had to do with any warranty. But if they did not so construe the court's ruling, we are left in the dark and are unable to determine what part they may have thought was stricken and what part they may have believed had been left before them for consideration. It thus appears that the defendant was, or probably was, precluded from having the jury consider and weigh relevant and pertinent testimony that had been elicited from the witness. In either event, error prejudicial to the defendant has occurred, and he is entitled to a new trial.

*Reversed and remanded.*