**Alexandria**

LARRY WAYNE CASH

v.

COMMONWEALTH OF VIRGINIA

No. 0910-86

Decided February 2, 1988

COUNSEL

James F. McCarthy, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.** — Upon the Commonwealth's appeal from a dismissal in the general district court, Larry W. Cash was tried by jury in the circuit court on a charge of refusing to take a blood or breath test. In this appeal from the jury's judgment that he refused to take a blood or breath test in violation of Code § 18.2-268, Cash contends that the trial judge erred in refusing to allow into evidence the warrant charging him with driving while intoxicated (DWI) and medical records of his hospital admission following his release from custody. We conclude that the refused documents were relevant and material to the presentation of Cash's defense; therefore, we reverse and remand for a new trial.

Officer Peter Paradis testified that he arrested Cash for driving while intoxicated and offered him, in accordance with the implied consent law, a choice of a blood test at Potomac Hospital or a breath test at the police station. According to Paradis, Cash would not elect but told him to make the decision. Paradis then took Cash before a magistrate who also advised Cash of the implied consent law. Paradis testified that Cash told the magistrate that he "shot up" earlier in the day and that he was afraid it would show up on a blood test. The magistrate's certification that Cash was advised of his rights under the implied consent law and that he refused or failed to execute a declaration of refusal was introduced into evidence. Paradis testified that after the magistrate executed this form Cash was taken to a cell.

On cross-examination, defense counsel attempted to introduce warrants which charged Cash with DWI and refusal to take the blood or breath test. The judge sustained the Commonwealth's objection to the introduction of the DWI warrant on the ground that it was irrelevant to whether Cash unreasonably refused the tests. Defense counsel represented that the DWI warrant was "crucial" and asked for an opportunity to argue the point. The judge refused this request and warned: "[P]roceed with the case . . . or you're in trouble." Continuing on cross-examination, Paradis testified that he never left the station with Cash and that he did not call Potomac Hospital regarding the availability of a blood test. He testified that the hospital was a three minute drive from the station. The cross-examination continued as follows:

Q Is it your recollection that he was charged with the DWI and the refusal right around the same time?

A Close to it, Sir.

Q There was no big delay in there?

A It was Saturday, there could've been. It's busy in the magistrate's office, but no real delay that I can recall.

* * * * *

Q How long was he at the magistrate's counter or desk?

A Thirty, forty-five minutes at the most. Again, I don't recall if it was that busy in the magistrate's office or not.

Q It took thirty to forty-five minutes to process him for both these charges?

A Yes, sir, it's not unusual.

After the Commonwealth rested its case, defense counsel again expressed his desire to offer as evidence the DWI warrant. He represented that the DWI warrant and the refusal warrant were issued seventy-five minutes apart and explained that this fact would corroborate Cash's anticipated testimony that Paradis had, in fact, taken him to Potomac Hospital after their appearance

before the magistrate. The judge rejected this argument, stating: "[W]ell, your client can testify, you said he was going to testify, and if he testifies why do you need corroboration of his testimony?" Counsel unsuccessfully replied that "it not only corroborates [Cash's] testimony, your honor, but it also [f]lies in the face of the policeman's testimony."

Cash testified in his defense that after the magistrate informed him of the implied consent law, he agreed to take a blood test. Cash further testified that Paradis called Potomac Hospital to alert them that he was bringing Cash for a test. According to Cash, Paradis took him to Potomac Hospital where the following events occurred:

> He [Paradis] kinda pulled me a little bit and I fell down on that curb, and I said—I said "my back is hurt, I'm not kidding you." He reached down and grabbed me around my neck like that and pulled me up.

Cash testified that Paradis and another officer then "jerked" him up, "threw" him in the police car, took him back to the magistrate's office, "threw" him down again, and told the magistrate that he had refused the test.

Cash further stated that after these events on Saturday evening his back "was hurtin' bad" and that he went to Mary Washington Hospital on the Monday following his arrest. The Commonwealth objected to the anticipated testimony of Cash's next witness, the Director of Medical Records of Mary Washington Hospital. In response to the judge's inquiry regarding the purpose for which the hospital records were offered, defense counsel stated that they would show Cash was at the hospital and was treated for "the exact same things that he testified to on the stand." The judge ruled:

> You don't need any corroborating testimony. It hasn't been put into any contest yet. He said it one way. There's no evidence to the contrary. You don't corroborate testimony. This is not a domestic relations case.

The judge further stated that "what he was in the hospital for at that time is irrelevant and immaterial to this case." At the conclusion of the evidence and upon the jury's finding that Cash "did

unreasonably refuse the taking of a blood or breath test," the judge suspended Cash's privilege to operate a motor vehicle for a period of six months.

■ Evidence which "tends to cast any light upon the subject of the inquiry" is relevant. *McNeir v. Greer-Hale Chinchilla Ranch*, 194 Va. 623, 629, 74 S.E.2d 165, 169 (1953)(quoting 7B Michie's Jurisprudence *Evidence* § 38 (1985 Repl. Vol.)). Moreover, evidence which has the tendency to add force and effect to a party's defense is admissible, unless excluded by a specific rule or policy consideration. *Levine v. City of Lynchburg*, 156 Va. 1007, 1014, 159 S.E. 95, 97-98 (1931).

> If the [evidence] . . . was relevant to establish defendant's claim, and violated no specific rule of admissibility, it should not have been stricken. If pertinent to the factual issue or issues involved, and if, when considered in connection with other evidence, it helped to establish the defense or claim relied upon by defendant, or if it added force and strength to other evidence bearing upon the issue or issues presented, then defendant was entitled to have it considered by the jury.

*McNeir*, 194 Va. at 628, 74 S.E.2d at 168-69.

The defense which Cash attempted to establish required the jury to resolve a factual discrepancy between his testimony and that of Paradis. Cash testified that he consented to a blood test and was taken to the hospital; he stated that on the way to the hospital he fell and reinjured his back. He further testified that he was denied the opportunity to take the blood test and was charged with refusal after he was returned to the magistrate's office from the hospital. His testimony was in direct conflict with Paradis' testimony that Cash refused to elect a test and that he never took Cash to the hospital. Paradis also testified that Cash was charged with both offenses at approximately the same time.

The arrest warrant for refusing to take the blood or breath test was admitted into evidence and shows that it was issued at 6:50 p.m. on the day of the incident and executed at 6:55 p.m. The DWI arrest warrant, which was ruled inadmissible, shows that it was issued at 5:35 p.m. and executed at 6 p.m. The DWI warrant tends to support Cash's version of the facts by showing an unexplained time lapse between the time when he was charged with a

DWI and the refusal. It bears directly upon "the probability or improbability of a fact in issue," *Horne v. Milgrim*, 226 Va. 133, 139, 306 S.E.2d 893, 896 (1983), and has the potential to aid the jury in resolving the conflict in the testimony.

We reach the same conclusion regarding the hospital records. They were proffered to show that Cash was admitted to the hospital for a back injury two days following the incident. While not directly establishing that Cash's back was reinjured at the time of his arrest, these records would have strengthened Cash's testimony by establishing an injury to his back at that approximate time. The jury could have found this evidence consistent with the facts related in Cash's testimony and could have concluded that Cash's credibility was further bolstered by the records.

The case turned in a significant measure upon the jury's assessment of Cash's credibility versus that of Paradis. The DWI warrant and the hospital records would have permitted defense counsel to argue forcefully to the jury that those exhibits corroborated Cash's version of the facts.

> [T]o authorize the reversal of a judgment for refusal to admit relevant testimony, not only must the evidence be relevant, but it must be of such a nature that its rejection may have prejudiced the party offering it. If he may have been prejudiced, even though it be doubtful whether in fact he was or not, that is sufficient ground for reversing the judgment. "When a party offers evidence which he is entitled to introduce to maintain the issue on his part and it is excluded, it will be presumed that he was prejudiced thereby and will work a reversal of the judgment, unless it clearly appears from the whole record that such evidence, if it had been admitted, could not have changed the result."

*Speller v. Commonwealth*, 2 Va. App. 437, 443, 345 S.E.2d 542, 546-47 (1986) (citations omitted). In arguing that the DWI warrant in evidence would not have changed the verdict, the Commonwealth asserts that "[t]he jury would still have been confronted by a conflict between the testimony of a sober, unbiased policeman and a defendant who, by his own admission, had been drinking, had 'shot up' earlier in the day and was emotionally upset when the incident occurred." Because credibility was such a significant factor in this case, evidence which had the potential to

aid the jury in judging credibility should have been admitted. The suggestion that the jury would have found Cash's testimony incredible, even with the excluded evidence, is belied by the question which the jury propounded after they retired to deliberate:

> Is there a dispatcher's log to verify the location of the police officer's car, and if so, does one exist for Officer Paradis' car and any second car that was dispatched to Potomac Hospital at the disputed time?

The jury then resumed its deliberation after the judge advised: "I'm sorry, however, we cannot open the case up for more evidence at this time. Both parties have put on that evidence which they deem appropriate and necessary."

■ The evidence in the record does not overcome the presumption of prejudice and does not suggest that the jury would have reached the same decision had the refused exhibits been admitted. Although an action brought by the Commonwealth for refusal to submit to a blood or a breath test is a civil proceeding, *Deaner v. Commonwealth*, 210 Va. 285, 289-90, 170 S.E.2d 199, 202 (1969), the Commonwealth is "required to prove its case beyond a reasonable doubt." Code § 18.2-268(p).

■ The Commonwealth further contends that the DWI warrant and hospital records should be excluded because they were cumulative evidence. We disagree with both the characterization of the evidence and the argument that the evidence should have been excluded. "Cumulative [evidence] is repetitive [evidence] that restates what has been said already and adds nothing to it. It is [evidence] of the same *kind* and *character* as that already given." *Massey v. Commonwealth*, 230 Va. 436, 442, 337 S.E.2d 754, 758 (1985) (emphasis added)

■ Neither of the refused exhibits was cumulative evidence. Although Cash testified that the officer charged him with DWI, the DWI warrant, unlike Cash's testimony, would have established the exact times the warrant was issued and executed. Because the DWI warrant contains additional facts, it is not cumulative evidence; moreover, it is indisputably evidence of a different kind and character than Cash's testimony. Even if the hospital records may tend to prove, in part, the same issue that Cash sought to establish by his testimony, the nature of this evidence was "so *dissimilar in*

*kind* as to afford no pretence for saying they are cumulative." *St. John's Ex'ors v. Alderson*, 73 Va. (32 Gratt.) 140, 143 (1879)(emphasis in original). Each exhibit was documentary evidence as contrasted to testimony of the defendant; each was "evidence that does not emanate from the defendant's mouth, does not rest wholly upon the defendant's credibility, but is evidence that adds to, strengthens, and confirms defendant's testimony." *Massey*, 230 Va. at 443, 337 S.E.2d at 758; *see also Fuller v. Commonwealth*, 190 Va. 19, 27, 55 S.E.2d 430, 443 (1949). Each exhibit "is exactly the kind of evidence that defendant is entitled to develop." *Massey*, 230 Va. at 443, 337 S.E.2d at 758. As with all admissible evidence, the weight to be given to the exhibits is a matter for the jury. *Diggs v. Lail*, 201 Va. 871, 877, 114 S.E.2d 743, 748 (1960).

We find no merit in the suggestion that defense counsel made no proffer of the hospital records. The unchallenged avowal of the contents of the records by defense counsel was a proper proffer and is sufficient for us to determine the propriety of the judge's ruling. *Whittaker v. Commonwealth*, 217 Va. 966, 968-69, 234 S.E.2d 79, 81 (1977); *Owens v. Commonwealth*, 147 Va. 624, 630-31, 136 S.E. 765, 767 (1927). For the reasons we have cited we conclude that the DWI warrant and hospital records, when considered with the other evidence, added potential weight to Cash's version of the facts and were improperly excluded. Accordingly, we reverse the judgment and remand the case for a new trial.

*Reversed and remanded.*

Barrow, J., and Cole, J., concurred.