## Richmond

EUGENE H. PROCTOR, JR.

v.

TOWN OF COLONIAL BEACH

No. 1538-91-2

Decided March 8, 1994

COUNSEL

Ivy P. Blue, Jr., for appellant.

No brief or argument for appellee.

OPINION

**BRAY, J.**—Eugene H. Proctor, Jr. (defendant) was convicted in a bench trial of assaulting a police officer. On appeal, defendant complains that the trial court erroneously (1) refused to permit a witness to testify, and (2) denied his request for appointed counsel. We agree that the trial court improperly precluded the testimony and reverse the conviction.[1]

The Commonwealth's evidence disclosed that on February 3, 1991, Officer J. Head of the Colonial Beach Police Department responded to a "domestic disturbance" at the home of defendant's mother-in-law. During his investigation, Head decided to interview defendant's son, a witness to the "argument," outside of defendant's presence. Defendant objected, approached the officer and attempted to strike him with his fist. Head, assisted by Officer Wright, "subdued" and arrested defendant. Head's testimony was corroborated by that of Wright.

Disputing the officers, defendant and his wife testified that defendant simply requested Head to return defendant's son, which prompted Head to "charge[ ] back across the street" and assault defendant. Defendant also called his son as a witness, but the court refused to permit him to testify, noting that it "*assumed* the testimony would, in all respects, substantiate that of the defendant" and "it was needless to subject the child[2] to the emotional trauma if the court were going to take it as *both* corroborative and cumulative testimony." (emphasis added).

---

[1] Because we reverse on this issue, we need not address the remaining assignment of error.

[2] The record fixes the child's age at both eleven and twelve years.

 "[C]orroborative testimony and cumulative testimony are not the same thing." *Massey v. Commonwealth*, 230 Va. 436, 442, 337 S.E.2d 754, 758 (1985). Cumulative testimony simply "restates what has been said already and adds nothing to it." *Id.* However, though "its introduction may be limited by the court," "cumulative evidence should sometimes be admitted," if material. *Id.* In contrast, corroborative evidence is "exactly the kind of evidence that [a] defendant [is] entitled to develop." *Id.* at 443, 337 S.E.2d at 758. It "does not emanate from the defendant's mouth, does not rest wholly upon [his] credibility, but . . . adds to, strengthens, and confirms [his] testimony." *Id.* Such evidence is clearly "admissible, unless excluded by a specific rule or policy consideration." *Cash v. Commonwealth*, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988).

 A defendant in a criminal prosecution is constitutionally assured the right "to call for evidence in his favor." Va. Const. art. I, § 8.[3] "This right is central to the proper functioning of the criminal justice system" and guarantees that an accused "will not be unduly shackled in his effort to develop his best defense." *Massey*, 230 Va. at 442, 337 S.E.2d at 757. A court may not impose "impermissible limitations on the exercise of this important right." *Id.* at 442, 337 S.E.2d at 758.

Here, the trial court presumed that the witness' testimony would be both cumulative and corroborative and refused to receive it. Under the circumstances, this ruling impaired defendant's basic right to call for evidence which favored his cause.

Accordingly, we reverse the conviction and remand this case for a new trial if the Town of Colonial Beach be so advised.

*Reversed and remanded.*

Baker, J., and Barrow, J., concurred.

---

[3] This right is similarly expressed in the Sixth Amendment of the United States Constitution. *See Washington v. Texas*, 388 U.S. 14 (1967).