COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Bumgardner
Argued at Salem, Virginia


JOHNNY ANTHONY VALENTINE
                                          OPINION BY
v.      Record No. 1110-97-3      JUDGE SAM W. COLEMAN III
                                       SEPTEMBER 1, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                      James F. Ingram, Judge

          Elwood Earl Sanders, Jr., Director
          Capital/Appellate Services (Public Defender
          Commission, on briefs), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     Johnny Anthony Valentine was convicted in a bench trial for

driving after having been declared an habitual offender, fourth

offense, in violation of Code § 46.2-357.  The sole issue on

appeal is whether the trial court erred in excluding Valentine's

evidence concerning his efforts to have his driving privilege

restored.  Because the trial judge did not abuse his discretion

in rejecting the evidence, we affirm Valentine's conviction.

                          BACKGROUND

     City of Danville Officer J.S. Bucchi testified that at

10:45 p.m. on December 13, 1996, he stopped a truck being driven

without its headlights activated.  When Bucchi approached the

truck and asked the driver for his operator's license and vehicle

registration, the driver handed the officer the vehicle

registration and stated that he needed to exit the truck to

obtain his driver's license. The driver stood outside the truck, fumbled through his wallet, and then fled. Bucchi chased the driver but was unable to apprehend him.

When Bucchi returned to the truck, he found a receipt on the ground. He had not seen the driver drop the receipt. The receipt had the name "Johnny Valentine" written on it. Bucchi examined a photograph of Johnny Valentine from police records, determined that Valentine resembled the driver, and obtained a warrant for Valentine's arrest. At trial, Bucchi identified Valentine as the driver of the truck and as the person whose photograph he viewed and charged with the violation. Bucchi did not retain the receipt he had found.

Valentine admitted that he was an habitual offender. Defending on the ground that he was not the driver, Valentine presented evidence that the truck was registered to Rudolph Hall. Valentine also testified that he was at home watching television with his sister at the time in question. When Valentine attempted to present evidence about his efforts to have his driving privilege restored, the trial judge sustained the Commonwealth's relevancy objection. Valentine made a proffer that the excluded evidence would have proven that Valentine retained an attorney in October 1995 to petition for restoration of Valentine's driving privilege; that the attorney had obtained an order from the trial judge authorizing an evaluation by VASAP; that the attorney had informed Valentine that a hearing had been

set for December 3, 1996; and that Valentine was making an effort to pay the fines and court costs necessary to obtain his license reinstatement. Valentine also sought to produce other evidence, including several letters from an attorney advising Valentine that his license restoration petition had been set for hearing and that Valentine needed to pay the outstanding fines and court costs before he could have his driving privilege restored.

> After the proffer, the Commonwealth's attorney stated: Judge, the only possible relevance that I can see, is I suppose if counsel is trying to say he wouldn't have done anything to jeopardize his ability to get his license back, then . . . then, I will withdraw my objection, but if that's the case, then I think I'm permitted to go into the substance of his prior convictions, because that certainly jeopardized his ability to get his driving status reinstated.

Valentine claimed the evidence was offered to prove that he had a motive not to risk driving when he was in the process of having his driving privilege restored.

> The trial judge ruled that he would take judicial notice of the [o]rder that [t]he Court entered [making reference to the VASAP evaluation order], and I think that we could stipulate . . . I certainly will be willing to consider that he filed for restoration, but I think that's absolutely irrelevant as far as . . . the issues in here are concerned.

Thus, the trial judge took judicial notice of the fact shown by the VASAP order that Valentine had petitioned for restoration and that a VASAP referral had been made, but the trial judge ruled

the other proffered evidence inadmissible.  As to the weight that the trial judge gave the evidence of Valentine's having petitioned for his license and the VASAP referral, he held the evidence to be "irrelevant."

At the conclusion of the evidence, the trial judge convicted Valentine of driving after having been declared an habitual offender.

ANALYSIS

Valentine first contends the Commonwealth conceded that the evidence was relevant, and, therefore, it is barred from asserting on appeal that the evidence was irrelevant or that the trial court's ruling was harmless error.  We disagree.

Although the Commonwealth's attorney stated at one point that he would withdraw his objection, he did so on the condition he would be able to examine Valentine about his prior convictions.  However, the trial judge ruled on the objection and held that he would consider a portion of the evidence and that the balance was irrelevant and inadmissible.  Thus, the trial judge did not consider whether the Commonwealth's attorney conceded relevance or withdrew his objection.  Accordingly, the relevance issue raised by the Commonwealth's attorney's objection was decided by the trial judge.

Valentine next argues that the excluded evidence was relevant and, therefore, should have been admitted by the trial judge.  We disagree.

- 4 -

"The test establishing relevance is not whether the proposed evidence conclusively proves a fact, but whether it has any tendency to establish a fact at issue."  Wise v. Commonwealth, 6 Va. App. 178, 188, 367 S.E.2d 197, 203 (1988) (citing Johnson v. Commonwealth, 2 Va. App. 598, 601, 347 S.E.2d 163, 165 (1986)).  "Evidence which bears upon and is pertinent to matters in issue, and which tends to prove [or disprove] the offense, is relevant and should be admitted."  Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986); see Epperly v. Commonwealth, 224 Va. 214, 230, 294 S.E.2d 882, 891 (1982); Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).

> [T]he Virginia Supreme Court has said that relevant evidence is any evidence "which may throw light upon the matter being investigated, and while a single circumstance, standing alone, may appear to be entirely immaterial or irrelevant, it frequently happens that the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."

Hope v. Commonwealth, 10 Va. App. 381, 386, 392 S.E.2d 830, 833 (1990) (en banc) (quoting Peoples v. Commonwealth, 147 Va. 692, 704, 137 S.E. 603, 606 (1927)).  However, "[e]vidence of collateral facts is generally inadmissible because it tends to draw away the minds of the jury from the point in issue . . . and mislead them."  Haynes v. Commonwealth, 104 Va. 854, 858, 52 S.E. 358, 359 (1905).  "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be

disturbed on appeal in the absence of an abuse of discretion."
Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842
(1988) (citing Coe, 231 Va. at 87, 340 S.E.2d at 823).

Valentine offered the driving privilege restoration evidence
to rebut or disprove that he was the driver.  Valentine testified
in his own defense and denied driving.  He contends the evidence
that he had taken legal and administrative action to have his
driving privilege restored tends to prove he had a reason or
motive not to drive.  This evidence, he asserts, further supports
his claim that he was not the driver.

The excluded evidence has no tendency to prove that
Valentine was not the driver of the vehicle.  Proof of motive to
commit an offense is admissible as tending to prove intent.  See
Robinson v. Commonwealth, 278 Va. 554, 557, 322 S.E.2d 841, 843
(1984).  Similarly, lack of motive is generally admissible to
prove lack of a reason or intent to commit an offense.  See
Oliver v. Commonwealth, 151 Va. 533, 543, 145 S.E. 307, 310
(1928); see also People v. Weatherford, 164 P.2d 753, 765 (Cal.
1945) (en banc).  Here, however, the proffered evidence at issue
has no logical tendency to prove lack of motive or intent.  The
evidence does not tend to prove that Valentine had a reason to
refrain from driving, or even that he had a reasonable
expectation that his driving privilege might be restored in the
foreseeable future.  The evidence has no more tendency to
disprove that he was the driver than his own testimony that he

would not have driven because he knew it was illegal and would not want to incur a fine or jail sentence.

To the extent that the proffered evidence arguably had some relevance, the trial judge admitted the evidence that Valentine had petitioned for restoration of his license and that a VASAP evaluation had been ordered. The evidence concerning the correspondence with his attorney and the fact that a trial date may have been set were collateral facts that did not tend to prove that Valentine was not the driver. The trial judge, who heard the case without a jury, did not abuse his discretion in limiting the scope of the evidence concerning Valentine's efforts to have his driving privilege restored.

Accordingly, we hold that the trial court did not abuse its discretion by rejecting the evidence of collateral facts. The judgment of the trial court is affirmed.

<u>Affirmed.</u>

Benton, J., dissenting.

"Evidence which bears upon and is pertinent to matters in issue, and which tends to prove the offense, is relevant and should be admitted." Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986). "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). Stated differently, every fact that "tends to establish the probability or improbability of a fact in issue, is admissible." Epperly v. Commonwealth, 224 Va. 214, 230, 294 S.E.2d 882, 891 (1982). Thus, evidence "which has the tendency to add force and effect to a party's defense is admissible, unless excluded by a specific rule or policy consideration." Cash v. Commonwealth, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988).

In his defense to the charge, Valentine denied that he was the driver. He testified that he had never met Officer Bucchi before he appeared in court on the current charge. Valentine testified that he was at home watching television with his sister at the time the officer stopped the truck.

Valentine proved that the truck was registered to Rudolph Hall. When asked to explain the presence of the receipt, Valentine testified that in his landscaping business he gave receipts and obtained receipts with his name on them. He also testified that he knew Hall and that he had been a passenger in

the truck on other occasions.

Valentine's sister testified that Valentine arrived home at 9:00 p.m. on December 13 and watched television with her until 2:00 a.m. She also testified that Valentine and his brother are similar in their appearance.

When the trial judge sustained the Commonwealth's relevance objection, the trial judge denied Valentine the right to present evidence in his defense detailing his motive not to drive. Valentine's counsel made an offer of proof of the relevance of the excluded evidence. After the offer of proof, the Commonwealth's attorney stated:

> Judge, the only possible relevance that I can see, is I suppose if counsel is trying to say he wouldn't have done anything to jeopardize his ability to get his license back, then . . . then, I will withdraw my objection, but if that's the case, then I think I'm permitted to go into the substance of his prior convictions, because that certainly jeopardized his ability to get his driving status reinstated.

Valentine's counsel agreed that the purpose of the proffered evidence was to show why Valentine would not risk driving. However, the trial judge ruled that the evidence was "absolutely irrelevant as far as . . . the issues in here are concerned."

The trial judge's ruling was erroneous as a matter of law. The trial judge took judicial notice of the order that the trial judge entered when Valentine's counsel was in the process of seeking to have Valentine's license restored and was "willing to consider that [Valentine] filed for restoration." However, the

trial judge said "that's absolutely irrelevant as far as . . . the issues in here are concerned."  The clear inference to be drawn from the trial judge's unambiguous comment is that the trial judge might have considered the proffered evidence to show that Valentine drove believing his efforts at seeking judicial restoration of his license justified his conduct.

The evidence that was rejected would have tended to prove an element of Valentine's defense.  Valentine denied that he was the driver of the truck and offered the evidence to establish that he had a motive to refrain from driving.  Motive or lack of motive is often a relevant issue in a criminal prosecution.  See Robinson v. Commonwealth, 228 Va. 554, 557, 322 S.E.2d 841, 843 (1984); Inge v. Commonwealth, 217 Va. 360, 363, 228 S.E.2d 563, 566 (1976); Williams v. Commonwealth, 208 Va. 724, 730, 160 S.E.2d 781, 785 (1968); Enoch v. Commonwealth, 141 Va. 411, 437, 126 S.E. 222, 230 (1925).

> "Proof of motive does not establish guilt,
> nor want of it establish innocence; but while
> such proof is not a necessity, it is of great
> importance, and the absence of motive is a
> factor for the consideration of the jury, but
> only as bearing on the question whether or
> not the crime was committed by the accused."

Ferrell v. Commonwealth, 177 Va. 861, 874, 14 S.E.2d 293, 298 (1941) (citation omitted).

I disagree with the majority's conclusion that this is "evidence of collateral facts."

> A fact is wholly collateral to the main
> issue if the fact cannot be used in evidence
> for any purpose other than for contradiction

. . . . Conversely, if the evidence tends, even slightly, to throw light upon the main fact in issue, it is not collateral, but probative. Every fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue, is admissible.

Seilheimer v. Melville, 224 Va. 323, 327, 295 S.E.2d 896, 898 (1982) (citations omitted). Evidence that tends to establish motive is not collateral or secondary evidence. See Banovitch v. Commonwealth, 196 Va. 210, 221, 83 S.E.2d 369, 374 (1954). Certainly, evidence of motive when offered in support of the theory of defense is not a collateral fact. See Compton v. Commonwealth, 219 Va. 716, 729, 250 S.E.2d 749, 757 (1979). For example, "[t]he absence of a motive . . . [sometimes] points to innocence rather than guilt." Van Dyke v. Commonwealth, 196 Va. 1039, 1050, 86 S.E.2d 848, 853 (1955). In this case, the evidence of motivation was a circumstantial factor that tended to support Valentine's testimony that he was not the driver.

The following principles are well established in Virginia: "'[W]here the proper determination of a fact depends upon circumstantial evidence, the safe, practical rule to follow is that in no case is evidence to be excluded of facts or circumstances connected with the principal transaction, from which an inference can be reasonably drawn as to the truth of a disputed fact.['"]

"'The modern doctrine in this connection is extremely liberal in the admission of any circumstance which may throw light upon the matter being investigated, and while a single circumstance, standing alone, may appear to be entirely immaterial or irrelevant, it frequently happens that the combined force of many concurrent and related circumstances,

- 11 -

each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'"

Peoples v. Commonwealth, 147 Va. 692, 704, 137 S.E. 603, 606 (1927) (citations omitted).

At trial, there was an evidentiary dispute whether Valentine was the driver. Valentine testified in his own defense and denied driving. Thus, he placed his credibility as a witness into issue. The trial judge's resolution of Valentine's credibility vis-a-vis the officer's credibility "was paramount in determining the ultimate issue of guilt or innocence." Evans-Smith v. Commonwealth, 5 Va. App. 188, 210, 361 S.E.2d 436, 448 (1987). The officer made the connection between the driver who ran away and Valentine through a receipt he found on the ground. The officer's suspicion that the driver dropped the receipt from his wallet led the officer to examine a photograph of Valentine. Valentine offered in evidence a photograph to show that he and one of his brothers are similar in appearance. If the trial judge had not barred the proffered evidence and understood its purpose, he would have had additional facts which he could have analyzed and weighed in determining whether Valentine was more credible.

The evidence tending to support Valentine's denial, including his positive motive to abide by the law, was relevant to show he was innocent of the crime. Therefore, the evidence of Valentine's lack of motive to drive illegally was relevant

because it bore upon the issue of whether Valentine drove the vehicle.  That evidence was not collateral and was improperly excluded.

For these reasons, I dissent.  I would reverse the conviction and remand for a new trial.