BENTON, Judge,
dissenting.
“Evidence which bears upon and is pertinent to matters in issue, and which tends to prove the offense, is relevant and should be admitted.” Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986). “Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case.” Ragland v. Commonwealth, 16 Va.App. 913, 918, 434 S.E.2d 675, 678 (1993). Stated differently, every fact that “tends to establish the probability or improbability of a fact in issue, is admissible.” Epperly v. Commonwealth, 224 Va. 214, 230, 294 S.E.2d 882, 891 (1982). Thus, evidence “which has the tendency to add force and effect to a party’s defense is admissible, unless excluded by a specific rule or policy consideration.” Cash v. Commonwealth, 5 Va.App. 506, 510, 364 S.E.2d 769, 771 (1988).
In his defense to the charge, Valentine denied that he was the driver. He testified that he had never met Officer Bucchi before he appeared in court on the current charge. Valentine testified that he was at home watching television with his sister at the time the officer stopped the truck.
*246 Valentine proved that the truck was registered to Rudolph Hall. When asked to explain the presence of the receipt, Valentine testified that in his landscaping business he gave receipts and obtained receipts with his name on them. He also testified that he knew Hall and that he had been a passenger in the truck on other occasions.
Valentine’s sister testified that Valentine arrived home at 9:00 p.m. on December 13 and watched television with her until 2:00 a.m. She also testified that Valentine and his brother are similar in their appearance.
When the trial judge sustained the Commonwealth’s relevance objection, the trial judge denied Valentine the right to present evidence in his defense detailing his motive not to drive. .Valentine’s counsel made an offer of proof of the relevance of the excluded evidence. After the offer of proof, the Commonwealth’s attorney stated:
Judge, the only possible relevance that I can see, is I suppose if counsel is trying to say he wouldn’t have done anything to jeopardize his ability to get his license back, then ... then, I will withdraw my objection, but if that’s the case, then I think I’m permitted to go into the substance of his prior convictions, because that certainly jeopardized his ability to get his driving status reinstated.
Valentine’s counsel agreed that the purpose of the proffered evidence was to show why Valentine would not risk driving. However, the trial judge ruled that the evidence was “absolutely irrelevant as far as ... the issues in here are concerned.”
The trial judge’s ruling was erroneous as a matter of law. The trial judge took judicial notice of the order that the trial judge entered when Valentine’s counsel was in the process of seeking to have Valentine’s license restored and was “willing to consider that [Valentine] filed for restoration.” However, the trial judge said “that’s absolutely irrelevant as far as ... the issues in here are concerned.” The clear inference to be drawn from the trial judge’s unambiguous comment is that the trial judge might have considered the proffered evidence to *247 show that Valentine drove believing his efforts at seeking judicial restoration of his license justified his conduct.
The evidence that was rejected would have tended to prove an element of Valentine’s defense. Valentine denied that he was the driver of the truck and offered the evidence to establish that he had a motive to refrain from driving. Motive or lack of motive is often a relevant issue in a criminal prosecution. See Robinson v. Commonwealth, 228 Va. 554, 557, 322 S.E.2d 841, 843 (1984); Inge v. Commonwealth, 217 Va. 360, 363, 228 S.E.2d 563, 566 (1976); Williams v. Commonwealth, 208 Va. 724, 730, 160 S.E.2d 781, 785 (1968); Enoch v. Commonwealth, 141 Va. 411, 437, 126 S.E. 222, 230 (1925).
“Proof of motive does not establish guilt, nor want of it establish innocence; but while such proof is not a necessity, it is of great importance, and the absence of motive is a factor for the consideration of the jury, but only as bearing on the question whether or not the crime was committed by the accused.”
Ferrell v. Commonwealth, 177 Va. 861, 874, 14 S.E.2d 293, 298 (1941) (citation omitted).
I disagree with the majority’s conclusion that this is “evidence of collateral facts.”
A fact is wholly collateral to the main issue if the fact cannot be used in evidence for any purpose other than for contradiction---- Conversely, if the evidence tends, even slightly, to throw light upon the main fact in issue, it is not collateral, but probative. Every fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue, is admissible.
Seilheimer v. Melville, 224 Va. 323, 327, 295 S.E.2d 896, 898 (1982) (citations omitted). Evidence that tends to establish motive is not collateral or secondary evidence. See Banovitch v. Commonwealth, 196 Va. 210, 221, 83 S.E.2d 369, 374 (1954). Certainly, evidence of motive when offered in support of the theory of defense is not a collateral fact. See Compton v. Commonwealth, 219 Va. 716, 729, 250 S.E.2d 749, 757 (1979). *248 For example, “[t]he absence of a motive ... [sometimes] points to innocence rather than guilt.” Van Dyke v. Commonwealth, 196 Va. 1039, 1050, 86 S.E.2d 848, 853 (1955). In this case, the evidence of motivation was a circumstantial factor that tended to support Valentine’s testimony that he was not the driver.
The following principles are well established in Virginia:
“ ‘[W]here the proper determination of a fact depends upon circumstantial evidence, the safe, practical rule to follow is that in no case is evidence to be excluded of facts or circumstances connected with the principal transaction, from which an inference can be reasonably drawn as to the truth of a disputed fact.[’ ”]
“ ‘The modern doctrine in this connection is extremely liberal in the admission of any circumstance which may throw light upon the matter being investigated, and while a single circumstance, standing alone, may appear to be entirely immaterial or irrelevant, it frequently happens that the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.’ ”
Peoples v. Commonwealth, 147 Va. 692, 704, 137 S.E. 603, 606 (1927) (citations omitted).
At trial, there was an evidentiary dispute whether Valentine was the driver. Valentine testified in his own defense and denied driving. Thus, he placed his credibility as a witness into issue. The trial judge’s resolution of Valentine’s credibility vis-a-vis the officer’s credibility “was paramount in determining the ultimate issue of guilt or innocence.” Evans-Smith v. Commonwealth, 5 Va.App. 188, 210, 361 S.E.2d 436, 448 (1987). The officer made the connection between the driver who ran away and Valentine through a receipt he found on the ground. The officer’s suspicion that the driver dropped the receipt from his wallet led the officer to examine a photograph of Valentine. Valentine offered in evidence a photograph to show that he and one of his brothers are similar in appearance. If the trial judge had not barred the proffered *249 evidence and understood its purpose, he would have had additional facts which he could have analyzed and weighed in determining whether Valentine was more credible.
The evidence tending to support Valentine’s denial, including his positive motive to abide by the law, was relevant to show he was innocent of the crime. Therefore, the evidence of Valentine’s lack of motive to drive illegally was relevant because it bore upon the issue of whether Valentine drove the vehicle. That evidence was not collateral and was improperly excluded.
For these reasons, I dissent. I would reverse the conviction and remand for a new trial.