**Salem**
SHANNON EUGENE EVANS

v.

COMMONWEALTH OF VIRGINIA

No. 0847-91-2

Decided March 17, 1992

COUNSEL

G. Richard Beck, for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Shannon Eugene Evans was convicted in a jury trial of rape in violation of Code § 18.2-61. He challenges the conviction on grounds that the trial court erred: (1) in refusing to set aside the verdict because the evidence was insufficient to support it; and (2) in applying Code § 18.2-67.7, Virginia's rape shield statute, to exclude evidence that the complaining witness learned that she had contracted a venereal disease; and (3) in excluding evidence that the complaining witness had contracted a

venereal disease. We agree that the trial court erred in applying Code § 18.2-67.7 to Evans's proffered evidence and erred in excluding such evidence. Because the error was not harmless, we reverse Evans's conviction and remand the case to the trial court. Accordingly, we do not address whether the evidence was sufficient to prove rape.

On October 3 or 4, 1989, M.C., a freshman at Virginia State University, and two female friends accompanied three young men to the apartment of Shannon Eugene Evans. Evans, his girlfriend, and another young man were present in Evans's apartment. Evans's girlfriend left, and M.C. began to play a drinking/card game with one of the men in the kitchen. As a result of the game, M.C. consumed a quantity of wine, variously described as four one-half cups or one-half or three-fourths of a bottle. Evans informed M.C. that one of the other men wanted to speak with her in another room. She found him in a back bedroom. After they talked for a while, he came over and sat on the bed where she was sitting and began to kiss her on the neck and lips. She told him that it was time to take her and her friends back, and she pushed him away. He then left.

As M.C. walked down the hall, she was pushed into another room where three of the young men were present. One of the men put his hands under her shirt; another tried to remove her shorts; a third attempted to put his penis in her mouth. Evans was in the room when these events occurred, and he heard M.C. tell the three men to stop. The three men backed away but remained in the room. Evans then positioned himself on top of M.C. He moved the leg opening of her shorts to the side. According to M.C., she told him to stop. He contends that she did not. Through the leg opening of her shorts, he placed his penis inside her vagina. After Evans had sex with M.C., all individuals in the room, including M.C., left. The three young men who had brought M.C. and her friends to Evans' apartment took them back to their dormitory. En route, M.C. became sick and the driver stopped the vehicle to let her out. At that time, she briefly told her female companions what had occurred.

When the girls returned to M.C.'s dorm room, she recounted in detail the events of the evening. They urged her to report the incident, but she decided not to do so. One week later, she told her mother about the incident. Subsequently, M.C. was diagnosed as

having contracted gonorrhea. About one month after the alleged rape by Evans, she reported the rape to the police.

Evans was indicted for rape in violation of Code § 18.2-61. At his jury trial, he sought to introduce evidence that M.C. had learned, subsequent to his having had sexual intercourse with her, that she had contracted a venereal disease. Evans contended that the fact that M.C. had contracted a venereal disease was relevant to show that she had a motive to fabricate the allegations of rape. His claim of fabrication was further substantiated, he contended, by the fact that she did not report the alleged rape to the police until a month after the incident and after learning that she had contracted gonorrhea. The Commonwealth opposed the introduction of the evidence. In doing so, the Commonwealth presented evidence from M.C. that she had had sexual relations with another man after the incident involving Evans, suggesting that she may have contracted the disease during sexual relations with another man. The Commonwealth contended that the venereal disease evidence was inadmissible under Code § 18.2-67.7 because it necessarily would interject evidence of other sexual conduct of the victim. The Commonwealth argued that the introduction of the venereal disease evidence would mislead the jury into believing that she had a vindictive motive against Evans because he gave her the disease. The court ruled that the evidence was inadmissible by virtue of Code § 18.2-67.7 because it necessarily implied prior sexual conduct of the complaining witness and because, given the presence of another man from whom she could have contracted gonorrhea, it did not establish that she had a motive to fabricate rape charges against Evans. Evans was convicted of rape and sentenced to five years in accordance with the jury's verdict.

Evans argues that the trial court erred in applying Code § 18.2-67.7 to exclude evidence that the complaining witness learned that she had contracted gonorrhea. Because such evidence did not directly or necessarily prove "prior sexual conduct" of the complaining witness within the meaning of Code § 18.2-67.7, and because such evidence was otherwise relevant to show that the complaining witness may have had a motive to fabricate her allegations of rape, we hold that the evidence was admissible.

 "Evidence is relevant . . . if it has any tendency to establish a fact which is properly at issue." *Wise v. Commonwealth*, 6 Va. App. 178, 187, 367 S.E.2d 197, 202-03 (1988). Relevancy is a

legal determination subject to appellate review. *League v. Commonwealth*, 9 Va. App. 199, 207, 385 S.E.2d 232, 237 (1989). Relevant evidence "which has the tendency to add force and effect to a party's defense is admissible, unless excluded by a specific rule or policy consideration." *Cash v. Commonwealth*, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988). Code § 18.2-67.7, the Virginia rape shield statute,[1] does not exclude the type of evidence which Evans offered. Code § 18.2-67.7 narrowly limits the admissibility of relevant "evidence of specific instances of [the complaining witness's] prior sexual conduct" to very carefully delineated situations. Consequently, where relevant evidence of the

---

[1] § **18.2-67.7. Admission of evidence.** — A. In prosecutions under this article, general reputation or opinion evidence of the complaining witness's unchaste character or prior sexual conduct shall not be admitted. Unless the complaining witness voluntarily agrees otherwise, evidence of specific instances of his or her prior sexual conduct shall be admitted only if it is relevant and is:

1. Evidence offered to provide an alternative explanation for physical evidence of the offense charged which is introduced by the prosecution, limited to evidence designed to explain the presence of semen, pregnancy, disease, or physical injury to the complaining witness's intimate parts; or

2. Evidence of sexual conduct between the complaining witness and the accused offered to support a contention that the alleged offense was not accomplished by force, threat or intimidation or through the use of the complaining witness's mental incapacity or physical helplessness, provided that the sexual conduct occurred within a period of time reasonably proximate to the offense charged under the circumstances of this case; or

3. Evidence offered to rebut evidence of the complaining witness's prior sexual conduct introduced by the prosecution.

B. Nothing contained in this section shall prohibit the accused from presenting evidence relevant to show that the complaining witness had a motive to fabricate the charge against the accused. If such evidence relates to the past sexual conduct of the complaining witness with a person other than the accused, it shall not be admitted and may not be referred to at any preliminary hearing or trial unless the party offering same files a written notice generally describing the evidence prior to the introduction of any evidence, or the opening statement of either counsel, whichever first occurs, at the preliminary hearing or trial at which the admission of the evidence may be sought.

C. Evidence described in subsections A and B of this section shall not be admitted and may not be referred to at any preliminary hearing or trial until the court first determines the admissibility of that evidence at an evidentiary hearing to be held before the evidence is introduced at such preliminary hearing or trial. The court shall exclude from the evidentiary hearing all persons except the accused, the complaining witness, other necessary witnesses, and required court personnel. If the court determines that the evidence meets the requirements of subsections A and B of this section, it shall be admissible before the judge or jury trying the case in the ordinary course of the preliminary hearing or trial. If the court initially determines that the evidence is inadmissible, but new information is discovered during the course of the preliminary hearing or trial which may make such evidence admissible, the court shall determine in an evidentiary hearing whether such evidence is admissible.

complaining witness's prior sexual conduct does not fit within the specific exceptions set forth in the statute, it is not admissible. However, where relevant evidence is not of prior sexual "conduct," Code § 18.2-67.7 does not apply. *See Clinebell v. Commonwealth*, 235 Va. 319, 322, 368 S.E.2d 263, 264 (1988) (false statements concerning sexual behavior are not "conduct" within the meaning of Code § 18.2-67.7).

Evans did not seek to introduce evidence of prior sexual conduct on the part of the complaining witness. In fact, the Commonwealth's attorney, not Evans, first elicited from M.C. during cross-examination that she had sexual relations with another man following the alleged rape. Nevertheless, the Commonwealth contends that the admission of evidence that M.C. learned that she had contracted gonorrhea would place M.C. in the untenable position of allowing the fact finder to impermissibly infer that Evans gave her the disease, from which it could further infer that she falsely accused him of rape, or present evidence that she had sexual intercourse with another person, thereby negating the inference of false accusation. Thus, argues the Commonwealth, M.C., in effect, would have been compelled to come forward with evidence contrary to the protection afforded her by Code § 18.2-67.7. In addition, the Commonwealth contends that M.C. told her two friends about the rape immediately after it occurred and reported it to her mother within a week, both reports having been made before she learned that she had a venereal disease. Thus, contends the Commonwealth, Evans' position that M.C. did not accuse Evans of having raped her until after she learned that she had gonorrhea is not borne out by the facts.

 Evidence that the complaining witness learned that she had contracted a venereal disease is not evidence of general reputation or of specific prior sexual "conduct," which Code § 18.2-67.7 shields. In general, Code § 18.2-67.7 prohibits one accused of a sexual assault from introducing evidence that the complaining witness is of unchaste character or from proving her prior sexual conduct, ostensibly to prove consent. Although a venereal disease is usually sexually transmitted, evidence that a person has learned that he or she has contracted a venereal disease is not proof of specific sexual conduct. The fact that a person who has recently been diagnosed as having a venereal disease reports to the authorities a month after the fact that she has been raped is relevant to

the accused's defense that the charge is false and that it was motivated by ill-will and vindictiveness. Regardless of whether the evidence implicates the accused as the person who purportedly transmitted the disease, evidence that a complaining witness contracted a venereal disease after the date of the alleged offense is relevant because it tends to prove that the infected person harbors bias or ill-will against a recent sexual partner. The evidence is more relevant when the victim delays in reporting the incident.

Whether M.C. claimed or identified Evans as the person who infected her goes to the weight of the evidence, not its admissibility. Code § 18.2-67.7 does not preclude the Commonwealth from presenting evidence to counter the accused's claim. The Commonwealth could establish that M.C. did not accuse or claim that Evans infected her, thereby establishing that she had no bias or ill-will against him and no motive to fabricate the charges. Moreover, if the Commonwealth felt the need to explain that the complaining witness contracted or may have contracted the disease from another and chose to introduce evidence of specific "prior sexual conduct" in order to counter the evidence of bias, ill-will, or motive to fabricate, Code § 18.2-67.7 permits the Commonwealth to do so if "the complaining witness voluntarily agrees." Code § 18.2-67.7. Additionally, the fact that M.C. told her friends and mother that Evans raped her before she learned that she had gonorrhea goes to the credibility and weight which the fact finder could give to the fact that she delayed in reporting the rape to the authorities until after she knew she had a venereal disease. The fact that M.C. may have told others about the incident does not render irrelevant or inadmissible the evidence that she delayed reporting the alleged rape to the authorities until after she learned of the venereal disease. Evidence that the complaining witness learned, subsequent to the alleged rape, that she had contracted a venereal disease is not "conduct" within the meaning of Code § 18.2-67.7. Consequently, the trial court erred in applying Code § 18.2-67.7 and in refusing to admit the evidence.

■ Error in a criminal case requires reversal of a conviction unless the Commonwealth establishes that the error is harmless.

[N]on-constitutional error is harmless "[w]hen it *plainly appears* from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial

justice has been reached." Code § 8.01-678. . . . [A] fair trial on the merits and substantial justice" are not achieved if an error at trial has affected the verdict. Consequently, under Code § 8.01-678, a criminal conviction must be reversed unless "it plainly appears from the record and the evidence given at the trial that" the error did not affect the verdict. An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

*Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

At trial, Evans did not deny that he had sexual intercourse with M.C. The only contested issue for the jury was whether the parties had consensual sexual relations or whether Evans had sex with M.C. against her will. The evidence on the issue of consent was conflicting. The credibility of M.C. and of Evans and which the jury believed was a critical question for the jury to decide in determining whether the facts established beyond a reasonable doubt that Evans had committed the offense. Because Evans' proffered evidence was relevant to M.C.'s motive to fabricate the rape charge which, in turn, is relevant to whether or not the sexual relations between the parties was consensual, we cannot say that the admission of Evans' proffered evidence could not have affected the jury's verdict so as to override the presumption of prejudice. Accordingly, we hold that the trial court's error was not harmless.

For the foregoing reasons, Evans' conviction is reversed, and the case is remanded for whatever action the Commonwealth may deem advisable.

*Reversed and remanded.*

Koontz, C.J., and Elder, J., concurred.