COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Elder
Argued at Salem, Virginia


DALE LEE PUGHSLEY
                                          OPINION BY
v.    Record No. 1846-99-3        JUDGE SAM W. COLEMAN III
                                        OCTOBER 31, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                   Mosby G. Perrow, III, Judge

          Sharon K. Eimer (James J. Angel, on brief),
          for appellant.

          Richard B. Smith, Senior Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Dale Lee Pughsley was convicted in a jury trial of second

degree murder, use of a firearm during the commission of a felony,

and shooting into an occupied vehicle.  On appeal, Pughsley

contends the trial court erred by permitting the Commonwealth to

introduce during the sentencing phase of the trial prejudicial

rebuttal evidence, consisting of unadjudicated criminal behavior

and other specific bad acts and institutional infractions while in

juvenile detention.  He contends the Commonwealth's rebuttal

evidence should have been limited to rebutting the specific

character evidence to which his witnesses testified and limited to

the time period about which they testified.  We disagree and

affirm the convictions.

BACKGROUND

David Robertson, the victim, and Larry Clingempeel, Robertson's friend who had been riding with him in Robertson's car, encountered Pughsley and his friend, "Nugget," at a convenience store where Robertson had stopped to purchase gas and beer. Robertson and Pughsley were not strangers to one another, allegedly having been involved in a prior drug transaction. Pughsley and Nugget entered Robertson's vehicle, with Robertson driving, Clingempeel in the front passenger's seat, Pughsley sitting behind Robertson, and Nugget sitting behind Clingempeel. Pughsley directed Robertson to drive to a specified location where Pughsley and Nugget exited the vehicle and went into a nearby house. After returning, Pughsley stood by the driver's side door, while Nugget stood beside the passenger door. According to Clingempeel, an argument or some disagreement over a drug deal occurred and Pughsley shot Robertson in the left side of his neck, killing him as he sat in his car.

The jury convicted Pughsley of second degree murder, use of a firearm during the commission of a felony, and shooting into an occupied vehicle. At the sentencing phase, the Commonwealth introduced evidence of Pughsley's twelve prior juvenile convictions.

In rebuttal and in mitigation of punishment, Pughsley introduced testimony from his mother, father, sister, grandfather,

and the mother of a friend.  Pughsley's mother testified that when Pughsley was five years old, she left him and his father and moved to Maryland.  Pughsley's mother also testified about her knowledge of Pughsley's prior convictions.  Pughsley's grandfather testified that Pughsley is "smart" and a "real fine person" and that he is "sorry" about and "regretted" the offense.  On cross-examination, Pughsley's grandfather admitted he was unaware of many of Pughsley's juvenile convictions.  Pughsley's sister testified that she had a "close" relationship with her brother.  Cynthia Sales, the mother of one of Pughsley's friends, testified that Pughsley lived with her and her son for approximately one year.  Sales described Pughsley as a "sweet person, real respectable."  Sales testified that Pughsley feels "really bad" about the shooting and that "[i]f he could change it all he would."  Pughsley's father testified that Pughsley was a "very intelligent and caring person" and that the situation "really hurt [Pughsley] a lot."

In rebuttal, the Commonwealth introduced evidence to rebut Pughsley's character evidence by showing the specific circumstances surrounding several of the prior juvenile offenses and by proving facts of unadjudicated criminal behavior and other bad acts and institutional infractions while Pughsley was confined in juvenile detention.  First, the Commonwealth introduced, without objection, testimony from two law enforcement officers substantiating the circumstances surrounding Pughsley's previous

- 3 -

convictions and testimony from Pughsley's probation officer concerning Pughsley's criminal history and probation violations.

Next, over defendant's objection, the Commonwealth introduced the testimony of Frank Currier, Director of the Lynchburg Juvenile Detention Center, who testified about Pughsley's behavior on the four occasions Pughsley was detained at the center. On each occasion, Pughsley's behavior at the detention center was marked by "intimidation of the staff and youth," "coercion," threats toward the staff, disrespect of the staff and volunteers, including name calling, using profanity, having a negative attitude, and failing to follow directions. Currier testified that on one occasion, Pughsley had threatened the staff and he had to be physically restrained. Currier further testified that on another occasion, Pughsley "had gotten out of control, started kicking and throwing chairs."

The Commonwealth also introduced, over defendant's objection, the testimony of Andre Parrish. Parrish testified that, on one occasion, he, Pughsley, and three other people stopped at a convenience store. While inside, Pughsley pulled out and brandished a .25 caliber semiautomatic pistol, waving it in a threatening manner in front of the cashier merely because she "looked" at him. Parrish said they forcibly removed Pughsley from the store.

Pughsley concedes the evidence is sufficient to support the convictions. He argues only that the trial court erred in permitting the Commonwealth to introduce prejudicial rebuttal evidence and evidence that went beyond and did not specifically rebut his witnesses' character evidence.

## ANALYSIS

Code § 19.2-295.1 provides that after a defendant is found guilty of a non-capital felony, "a separate proceeding limited to the ascertainment of punishment shall be held." At the sentencing hearing, the Commonwealth "shall" present evidence of the defendant's prior criminal convictions. "After the Commonwealth has introduced such evidence of prior convictions, or if no such evidence is introduced, the defendant may introduce relevant, admissible evidence related to punishment. Nothing in . . . [the statute] shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal." Code § 19.2-295.1. However, "this is not a one-way street extending only in the defendant's direction. The statute also permits the Commonwealth to introduce 'relevant, admissible evidence in rebuttal' to that offered by the defendant." Commonwealth v. Shifflett, 257 Va. 34, 43-44, 510 S.E.2d 232, 236 (1999).

On review, we will not disturb the trial court's ruling regarding the admissibility of evidence absent a clear abuse of

- 5 -

discretion.  Id. at 44, 510 S.E.2d at 236.  "Evidence which 'tends to cast any light upon the subject of the inquiry' is relevant."  Cash v. Commonwealth, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988) (quoting McNeir v. Greer-Hale Chinchilla Ranch, 194 Va. 623, 629, 74 S.E.2d 165, 169 (1953)).  Evidence which tends to prove a material fact is relevant and admissible, "'unless excluded by a specific rule or policy consideration.'"  Evans v. Commonwealth, 14 Va. App. 118, 122, 415 S.E.2d 851, 853-54 (1992) (quoting Cash, 5 Va. App. at 510, 364 S.E.2d at 771).

In the guilt phase of a trial, "[i]t is . . . firmly established that '[t]he Commonwealth is not permitted to introduce evidence of the [accused's] bad character unless the accused has first offered evidence of his good character, thus placing his character into issue.'"  Irving v. Commonwealth, 15 Va. App. 178, 183, 422 S.E.2d 471, 475 (1992) (en banc) (quoting Fields v. Commonwealth, 2 Va. App. 300, 305-06, 343 S.E.2d 379, 382 (1986)).  A defendant may, however, place his character in issue by testifying as to his character, see generally Smith v. Commonwealth, 212 Va. 675, 187 S.E.2d 191 (1972) (per curiam), or by introducing witnesses to testify as to his good character, see Gravely v. Commonwealth, 13 Va. App. 560, 414 S.E.2d 190 (1992).  Although, as a general rule, the Commonwealth may not rebut character evidence by proving specific acts of misconduct,

- 6 -

other than by cross-examining the defendant's character witnesses as to their knowledge of those acts, see Land v. Commonwealth, 211 Va. 223, 225-26, 176 S.E.2d 586, 588 (1970), the Supreme Court has uniformly held that even in the guilt phase of a trial where a defendant attempts to present evidence regarding his good character or history, which may mislead the fact finder, the Commonwealth is entitled to rebut the false impression and misleading evidence, see Roy v. Commonwealth, 191 Va. 722, 726-28, 62 S.E.2d 902, 903-04 (1951); Locke v. Commonwealth, 149 Va. 447, 451-52, 141 S.E. 118, 120 (1928); Harris v. Commonwealth, 129 Va. 751, 753-54, 105 S.E. 541, 542 (1921); see also Lockhart v. Commonwealth, 251 Va. 184, 466 S.E.2d 740 (1996).

Code § 19.2-295.1, the provision governing the bifurcated sentencing proceeding, goes beyond the common law rule of evidence, which disallows proof of a defendant's specific bad acts to rebut the defendant's character evidence. The Supreme Court has made clear that Code § 19.2-295.1, which allows a defendant to introduce relevant evidence of his "history and background" in a sentencing procedure, also allows the Commonwealth to introduce rebuttal evidence once the defendant has undertaken to put his history and background in issue. See Shifflett, 257 Va. at 43-44, 510 S.E.2d at 236.

We hold that where a defendant puts on evidence that he has been of good character or has a "history and background" of being a good, law-abiding, caring, or remorseful person, the Commonwealth may, subject to the trial court's sound discretion, introduce evidence of specific acts in the defendant's "history and background" which rebuts the defendant's contention or proves that the defendant has a history or background of criminal or bad acts or is not of good character. Prior to adopting a bifurcated sentencing proceeding in non-capital felony jury trials, only circuit judges could consider a defendant's prior history or background through a pre-sentence report. Now, however, with the bifurcated sentencing proceeding for non-capital felony convictions, a jury is entitled to consider a person's prior history and background, provided the defendant elects to make it an issue. Once the defendant has offered proof of his character, history, or background, the Commonwealth is entitled to prove, subject to the sound discretion of the trial judge, that the defendant has a history of misconduct different from the picture he or she has painted.

Here, Pughsley presented evidence of his good character. Several witnesses testified that Pughsley is a "sweet," "caring," "real fine," "very intelligent," and "respectable" person, who is remorseful for the crimes he has committed. Currier's testimony that Pughsley, while confined at the

juvenile detention center, repeatedly intimidated and threatened staff and other detainees was offered to rebut Pughsley's evidence of his good character and pleasant disposition. Currier also testified that Pughsley was not only disrespectful of the staff, but he was, at times, violent. Further, Parrish's testimony that Pughsley brandished a firearm in front of a store clerk because she "looked" at him rebuts Pughsley's evidence that he is a sweet and caring, non-threatening and non-violent person. The Commonwealth was permitted to rebut Pughsley's evidence of good character and to correct the false impression Pughsley may have given the jury about his character. Accordingly, we hold that the trial court did not abuse its discretion by admitting the Commonwealth's rebuttal evidence.

As to Pughsley's claim that the trial court erred by admitting the testimony of the law enforcement officers and Pughsley's probation officer, that evidence was admitted without objection. Accordingly, Pughsley is precluded from challenging the admissibility of that testimony on appeal. See Rule 5A:18.

Affirmed.