COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Clements and Senior Judge Annunziata


STEPHEN JIMENEZ

                                                    MEMORANDUM OPINION[*]
v.        Record No. 3053-05-4                           PER CURIAM
                                                       AUGUST 22, 2006
JULIA A. JIMENEZ


                FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                            William D. Hamblen, Judge

            (Stephen Jimenez, *pro se*, on brief).

            (Robert L. Isaacs, on brief), for appellee.


        Stephen Jimenez, appellant, appeals an order of the trial court temporarily reducing his child

support obligation.  On appeal, he argues the trial court erred by:  (1) failing to calculate the amount

of presumptively correct child support and any arrearages; (2) failing to justify why it varied from

the child support guidelines; (3) placing him into a status of peonage and perpetual slavery in

violation of the Thirteenth Amendment; (4) refusing to allow full opening remarks, full

cross-examination of witnesses, and denying him a fair trial; and (5) denying him the opportunity

for a timely hearing.  Julia Jimenez, appellee, argues the trial court erred by granting the motion to

reduce child support retroactively to the date of filing.  Upon reviewing the record and briefs, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the trial court's

decision. See Rule 5A:27.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

The parties were married in 1986 and had one child. On September 22, 2000, the trial court entered a final decree of divorce which provided that appellant was to pay appellee child support payments in the amount of $791.78 per month. At the time of the divorce, appellant was employed at the Federal Emergency Management Agency earning $60,000 to $65,000 per year.

On July 7, 2005, appellant filed a motion to reduce his child support obligation on the ground that he was ill and had been unable to work since April 2005. The hearing was first scheduled for September 2, 2005, but when appellee did not appear for the hearing, the trial court continued the hearing until November 2, 2005. Neither appellee nor counsel for appellee appeared at the November 2, 2005 hearing.

Appellant presented evidence from Dr. Michael T. Lin who had been appellant's primary care physician since March 2005. Dr. Lin testified that appellant had been disabled from April 29, 2005 until September 26, 2005. Evidence indicated that many of appellant's symptoms may have been related to appellant's exposure to toxic chemicals while assisting in the clean up of the World Trade Center in 2001. A letter dated October 12, 2005 from Dr. Lin stated that appellant had attended a treatment program for industrial chemical detoxification and was "feeling better." Dr. Lin opined that appellant was able to return to work as of October 12, 2005. In addition, appellant admitted he was able to return to work and he testified he was "actively looking for work." However, at the time of the hearing he had no income. Appellant testified he expected to receive $330 per week in unemployment compensation starting October 2, 2005.

The trial court reduced appellant's child support obligation to $65 per month for four months. The order was retroactive to July 7, 2005, when appellant filed the motion, and was effective through October 2005. The trial court stated, "That should give you some time to get yourself back to work." The trial court made no rulings on any arrearages appellant may have had.

<u>Analysis</u>

"On appeal, we construe the evidence in the light most favorable to [wife], the prevailing party below, granting to [her] evidence all reasonable inferences fairly deducible therefrom." <u>Donnell v. Donnell</u>, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing <u>McGuire v. McGuire</u>, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990)).

"'Decisions concerning child support rest within the sound discretion of the trial court and will not be disturbed on appeal unless plainly wrong or unsupported by the evidence.'" <u>Rinaldi v. Dumsick</u>, 32 Va. App. 330, 334, 528 S.E.2d 134, 136 (2000) (quoting <u>Barnhill v. Brooks</u>, 15 Va. App. 696, 699, 427 S.E.2d 209, 211 (1993)).

Appellant contends the trial court erred by failing to calculate the amount of presumptively correct child support and by failing to justify why its child support award deviated from the child support guidelines. Code § 20-108.2 contains guidelines determining child support based on a parent's monthly income and the number of children requiring support. Code § 20-108.2 provides that a payor with one child and a monthly income level between $0 to $599 has a $65 presumptive monthly child support obligation. "A rebuttable presumption exists that the amount derived from the guidelines, Code § 20-108.2, is correct." <u>Auman v. Auman</u>, 21 Va. App. 275, 277, 464 S.E.2d 154, 155 (1995). After hearing the evidence concerning appellant's temporary disability, the trial court stated, "I'm going to reduce your child support payment for a period of three months [later changed to four months] to the statutory minimum of $65 a month . . . ." Therefore, contrary to appellant's argument, it appears the trial court considered the child support guidelines and applied the presumptive amount of child support based on these guidelines when it temporarily reduced appellant's monthly child support payment to $65 per month.

"The court may . . . revise and alter . . . [a child support] decree . . . as the circumstances of the parents and the benefit of the children may require." Code § 20-108. "When invoking the divorce court's continuing jurisdiction under Code § 20-108, . . . a party seeking a change in court-ordered child support has the burden to prove by a preponderance of the evidence a material change in circumstances justifying modification of the support requirement." Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 118-19 (1991).

> A material change in circumstances, standing alone, does not provide a basis for the trial court to modify its support decree. A modification is appropriate only after the court has considered the material change in circumstances in relation to the factors set forth in Code § 20-108, namely, the present circumstances of both parties and the benefit of the children. Thus, in a petition for reduction of support, the trial court must assess whether the requested reduction, based on a material change in circumstances, is justified in light of the overall circumstances of both parties and the impact on the needs of the children.

Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987).

Appellant's evidence showed that he was temporarily disabled from only April 29, 2005 to September 26, 2005. He testified at the hearing that he was currently able to work and was actively seeking employment.

> The mere fact of a material change in the obligor parent's income . . . does not necessarily warrant a reduction in the existing child support obligation. The [court] is required to consider all the factors and guidelines enumerated in the Code for making such determinations and enter an award appropriate to the circumstances as they exist at that time.

Rawlings v. Rawlings, 20 Va. App. 663, 670, 460 S.E.2d 581, 588 (1995). Furthermore, "[t]he best interest of the child or children is the paramount and guiding principle in setting child support . . . ." Watkinson v. Henley, 13 Va. App. 151, 158, 409 S.E.2d 470, 474 (1991).

Even assuming appellant's evidence showed that a material change in circumstances existed for the time period that appellant was disabled and could not work, the current

circumstances showed that appellant was able and willing to obtain employment. In addition, as the trial court stated, the child needed to receive the court-ordered support. Therefore, a permanent reduction in child support was not justified. Rather, the evidence supported a temporary reduction in child support for a defined period of time based on contemporary circumstances in order to allow appellant time to obtain employment. Furthermore, because the trial court's ruling did not involve a permanent change in child support or a deviation from the presumptive child support guidelines, the trial court was not required to make written findings. Accordingly, the trial court did not abuse its discretion in its ruling.

Appellant argues the trial court erred by not clearly stating whether there were any child support arrearages. However, appellant failed to present evidence from which the court could determine a precise arrearage amount, if any. At the end of the hearing, the trial court stated, "I'm not even sure how much you're behind and neither are you." "When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question." Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 551 (1987).

Appellant contends the trial court's ruling violated the Thirteenth Amendment and placed him in a status of peonage and slavery. Appellant provides no applicable legal support for his argument. Moreover, "[c]hild support has long been recognized as an obligation owed to the infant child . . . . This duty arises from principles of natural law. The requirement that all fathers owe a duty of support to their children is necessarily related to the compelling governmental interest of preserving the welfare of children." Hur v. Department of Soc. Servs., 13 Va. App. 54, 58, 409 S.E.2d 454, 457 (1991). Accordingly, appellant's argument is without merit.

Appellant contends the trial court violated his Fourteenth Amendment rights by refusing to allow full opening remarks or full cross-examination and by making prejudicial statements. However, a review of the record shows appellant received a fair trial. During appellant's

opening remarks, the trial court advised appellant that the trial court was limited to hearing the issues raised in appellant's motion concerning his child support obligation. The trial court correctly admonished appellant that it would not hear appellant's allegations concerning how other states have abridged his rights. Furthermore, the trial court allowed appellant to call witnesses, present documentary evidence, and testify at the hearing. The only restriction placed on appellant's presentation of evidence was that the evidence must be relevant to the issues raised in the motion to reduce child support. For evidence to be admissible, it must be relevant, it must tend "to prove a material fact" at issue. Evans v. Commonwealth, 14 Va. App. 118, 122, 415 S.E.2d 851, 853-54 (1992). In addition, the trial court considered appellant's arguments concerning the matters at issue. Nothing in the record supports appellant's allegation that the trial court made prejudicial remarks during the hearing. Accordingly, appellant was not deprived of due process of law.

Appellant argues the trial court denied him the opportunity to have a timely hearing. However, appellant cites no legal authority in support of his argument. Rule 5A:20 requires appellants to brief the "principles of law, the argument, and the authorities relating to each question presented." Questions "unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Appellee argues in her brief that the trial court erred by granting the motion to reduce child support retroactively to the date of the filing of the motion. However, appellee, who did not appear at the hearing, did not present this argument to the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Therefore, Rule 5A:18 bars our consideration of this question on appeal.

Accordingly, the decision of the trial court is affirmed.

Affirmed.