COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Alston
Argued at Richmond, Virginia


WASEEM ALI

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1650-08-4                    JUDGE ROBERT J. HUMPHREYS
                                                             NOVEMBER 10, 2009
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                            Gordon F. Willis, Judge

          S. Jane Chittom, Appellate Defender (Office of the Appellate
          Defender, on brief), for appellant.

          Gregory W. Franklin, Assistant Attorney General (William C.
          Mims, Attorney General, on brief), for appellee.


       Waseem Ali ("Ali") appeals his convictions for grand larceny from the person, in

violation of Code § 18.2-95, robbery, in violation of Code § 18.2-58, reckless driving, in

violation of Code § 46.2-852, and driving on a revoked license, third or subsequent offense, in

violation of Code § 46.2-301.  On appeal, Ali contends for the first time that he could not

lawfully be convicted of both robbery and grand larceny from the person because they arose

from a single act.  Ali further contends that the trial court erred in allowing the prosecutor to ask

him certain questions during cross-examination in the sentencing phase of the trial, because

(1) the questions did not constitute proper impeachment or rebuttal, (2) the prosecutor referred to

convictions that were not listed on the notice required by Code § 19.2-295.1, and (3) the

prosecutor referred to convictions that were not evidenced by a certified court order, as

          [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

required by Code § 19.2-295.1. For the reasons that follow, we disagree with Ali, and affirm his convictions.[1]

On appeal, we view the evidence in the "light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). That principle compels us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted). So viewed, the evidence was as follows.

On May 20, 2007, at approximately 11:30 p.m., Ali entered a 7-Eleven store located in Stafford County. At the time, Tara Kessler ("Tara") was working at the cash register in the retail area of the store. Ali approached Tara and asked for a cigar, which was displayed behind the counter. Tara retrieved the cigar and accepted a dollar from Ali as payment. As Tara opened the cash register to deposit Ali's payment, Ali reached over the counter and began removing money from the register's drawer. When Tara realized what Ali was doing, she tried to stop him by "hold[ing] on to the money." Tara testified that she struggled with Ali for possession of the money in the drawer. Eventually, Ali pried the money from Tara, and ran out of the store.

Tara's mother, Pauline Kessler ("Pauline"), was working in the back office of the store on the night in question. Pauline testified that when she heard Tara scream, she looked at the surveillance monitor in her office and saw Ali "attacking [her] daughter." Pauline immediately ran to the retail area of the store. There she saw Ali with money in his hands. At that point, Ali "took off." Shortly thereafter, Ali crashed his vehicle and was apprehended. Ali was charged with a

---

[1] As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

number of offenses and demanded a jury trial. Ultimately a jury found Ali guilty of robbery, grand larceny from the person, reckless driving, and driving on a revoked license.

## I. Robbery and Grand Larceny from the Person

Ali argues that he could not lawfully be convicted for both robbery and grand larceny from the person because the Commonwealth relied on "mutually inconsistent theories" for a single criminal act in order to obtain convictions for each offense. Ali claims that this inconsistency at the core of the Commonwealth's case violated his due process rights. Though Ali concedes that he did not properly preserve this argument for appeal, he urges this Court to invoke the "ends of justice" exception to Rule 5A:18 to consider his argument now.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18 ("[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice"). The "ends of justice" exception to Rule 5A:18, which Ali seeks to invoke, is "'narrow and to be used sparingly.'" Pearce v. Commonwealth, 53 Va. App. 113, 123, 669 S.E.2d 384, 390 (2008) (quoting Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (*en banc*)). "In order to avail oneself of the [ends of justice] exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). Thus, the alleged error must be "'clear, substantial and material.'" Id. (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)).

Because we are examining this record through the lens of the "ends of justice" exception to Rule 5A:18, Ali must demonstrate one of the following: (1) the conduct for which he was

convicted was not a criminal offense or (2) "the record affirmatively prove[s] that an element of the offense did not occur . . . ." Id. at 221-22, 487 S.E.2d at 272. Clearly, Ali cannot demonstrate that the conduct for which he was convicted was not a criminal offense. In fact, much of the confusion in this case is due to the fact that Ali's conduct arguably constituted *two* criminal offenses. Therefore, to invoke "ends of justice," it must be clear from the record that an element of either robbery or grand larceny from the person did not occur.

"Robbery at common law is the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Johnson v. Commonwealth, 209 Va. 291, 292, 163 S.E.2d 570, 572-73 (1968). By contrast, "[l]arceny has often been defined as 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'" Skeeter v. Commonwealth, 217 Va. 722, 725, 232 S.E.2d 756, 758 (1977) (quoting Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)). Grand larceny from the person differs from larceny only in that it requires the additional elements that the goods be taken "from the person of another" and that the value of the goods be at least five dollars. Code § 18.2-95(i). Thus, it is the element of "violence or intimidation" that distinguishes the crime of robbery from the crime of grand larceny from the person.

Ali argues that because he committed a single criminal act, he cannot be convicted for both robbery and grand larceny from the person. Essentially, Ali argues that the Commonwealth cannot have it both ways. Either the Commonwealth proved that he took the money by force or intimidation, supporting his conviction for robbery, or the Commonwealth proved that he took the money without force or intimidation, supporting his conviction for grand larceny from the person. Ali maintains that a conviction for one of these offenses affirmatively proves that an element of the other offense did not occur. We disagree.

- 4 -

Ali's argument on appeal presupposes the fact that his conduct was a single act. Contrary to Ali's contention, it is unclear from the record whether the evidence adduced at trial established two distinct criminal acts or one. Tara testified that when she opened the cash register, Ali "reached over and was taking the money." Arguably, the instant Ali removed the money from the register's drawer the crime of grand larceny from the person was complete, because "when an individual harbors the requisite intent to steal and permanently deprive the owner of property, acts on such intent by taking possession of the property even for an instant, and moves the targeted property, larceny has been committed." Welch v. Commonwealth, 15 Va. App. 518, 522, 425 S.E.2d 101, 104 (1992). However, when Tara realized what Ali was doing, she tried to stop him by "hold[ing] on to the money." A struggle ensued in which Ali and Tara fought for possession of the money in the cash register. Pauline testified that when she looked at the surveillance monitor she saw Ali "attacking [her] daughter." Eventually, Ali was able to pry the money out of Tara's grasp and flee the store. Arguably, this second taking constituted a robbery as it was accomplished through force, violence or intimidation. [2]

It bears repeating that this case comes before this Court in the context of the "ends of justice" exception to Rule 5A:18. Consequently, the burden is on Ali to demonstrate that the record contains *affirmative* proof of his innocence. However, because it is unclear from the record whether Ali's conduct constituted one criminal act or two, Ali cannot "affirmatively prove that an element of the offense did not occur." Redman, 25 Va. App. at 221-22, 487 S.E.2d at

---

[2] Furthermore, on the facts presented, if Ali's position at trial was that the evidence presented constituted one taking, rather than two, the Commonwealth was entitled to leave the determination of that factual dispute to the jury. In those circumstances, Ali would have been entitled to have the jury instructed that in the event they found that the evidence constituted a single taking, they could only convict of one of the offenses charged, the determination of which would then turn on the issue of whether there was evidence of force, threat or intimidation. Ali did not request such an instruction.

272.  Thus, we decline to invoke the "ends of justice" exception to Rule 5A:18 to consider Ali's argument.

## II.  Code § 19.2-295.1

Ali also argues that he was improperly cross-examined by the prosecutor during the sentencing phase of the trial.  Specifically, Ali contends that (1) the prosecutor's questions about prior convictions were not proper impeachment of his credibility, (2) the prosecutor was not entitled to introduce, through cross-examination, convictions that were not listed on the notice, and (3) some of the convictions presented to the jury by cross-examination were not evidenced by certified conviction orders, as required by Code § 19.2-295.1.  However, because Ali only objected to two of the prosecutor's questions during his cross-examination, we will limit our analysis to a review of those specific questions.[3]

Of those questions to which Ali did object and, thus, preserved his argument for appeal, the first concerned Ali's criminal history.

> [Prosecutor]:  How many different times would you say during the course of your life, you have been in court charged with a criminal offense?
>
> [Ali]:  Mr. Olsen, I just told this man I was addicted to drugs.  I can't tell you how many times.
>
> [Prosecutor]:  It's been more than a dozen; correct, more than a dozen times that you were in [c]ourt charged with a criminal offense?

---

[3] Ali argues that the prosecutor violated the provisions of Code § 19.2-295.1 by inquiring about certain larceny convictions from the State of Texas that were not contained in the "Amended Notice of Prior Records of Conviction" and were not evidenced by certified copies of conviction orders.  However, Ali did not object to the prosecutor's question at the time it was asked.  Consequently, Ali did not preserve this argument for appeal.  See Rule 5A:18 ("[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice").

Ali's trial attorney objected to this question, arguing that the Commonwealth was not entitled to introduce anything other than certified felony conviction orders. The trial court overruled the objection. Nevertheless, before Ali answered, the prosecutor rephrased the question as follows: "How many times have you been convicted of a felony?" The Supreme Court of Virginia has held that this is an acceptable question to ask a defendant on cross-examination. McAmis v. Commonwealth, 225 Va. 419, 421, 304 S.E.2d 2, 3 (1983). Therefore, assuming without deciding that it was error for the trial court to overrule Ali's objection, the error was clearly harmless since Ali was not required to answer the question as originally phrased and suffered no prejudice as a result of the improper question.

The second question to which Ali objected concerned the prosecutor's inquiry into a 1993 conviction in Alexandria for possession of cocaine. Ali argues that this question was improper since it referred to a conviction that was not evidenced by a certified conviction order, as required by Code § 19.2-295.1. At the onset, it is important to note that "Code § 19.2-295.1 is 'procedural in nature' and 'does not convey a substantive right.'" Lebedun v. Commonwealth, 27 Va. App. 697, 717, 501 S.E.2d 427, 437 (1998) (quoting Riley v. Commonwealth, 21 Va. App. 330, 337-38, 464 S.E.2d 508, 511 (1994)). Nevertheless, the Supreme Court of Virginia has stated that the statute "means what it says and its directions should be followed." Weathers v. Commonwealth, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001).

However, Code § 19.2-295.1 also provides that "[n]othing in this section shall prevent the Commonwealth . . . from introducing relevant, admissible evidence in rebuttal [to the defendant's evidence relating to punishment]." In fact, this Court has previously held that, during a sentencing hearing:

> [W]here a defendant puts on evidence that he has been of good character or has a "history and background" of being a good, *law-abiding*, caring, or *remorseful person*, the Commonwealth may, subject to the trial court's sound discretion, introduce

- 7 -

> evidence of specific acts in the defendant's "history and background" which rebuts the defendant's contention or proves that the defendant has a history or background of criminal or bad acts or is not of good character.

Pughsley v. Commonwealth, 33 Va. App. 640, 647, 536 S.E.2d 447, 450 (2000) (emphasis added).

During the sentencing hearing, Ali stated that he was "deeply sorry" for his actions on the night in question. Ali testified that he has had a chemical addiction to cocaine since the 1980's and that his criminal record is a reflection of that addiction. Despite his addiction, Ali testified that he tried his best to "obey the law." Because Ali introduced evidence concerning his history and background, the prosecutor was entitled to cross-examine him about specific acts in order to rebut his testimony. Therefore, the trial court did not err in permitting the prosecutor to cross-examine Ali about his prior conviction for possession of cocaine.[4]

For the foregoing reasons, we affirm Ali's convictions.

Affirmed.

---

[4] Interestingly, Ali testified during sentencing that his criminal history was the product of his longtime addiction to cocaine. Given this testimony, it is difficult to see how evidence of Ali's 1993 conviction for possession of cocaine would have prejudiced Ali in the eyes of the jurors, as he claims on appeal. If anything, such evidence corroborates his testimony.

Alston, J., concurring.

While I have chosen to concur in the majority's decision to uphold the convictions of appellant, I have reservations regarding the legality of a dual conviction of larceny from the person and robbery in circumstances such as those presented in this case. I am not entirely convinced from this record that a reasonable fact finder could have concluded that there were two separate and independent criminal acts herein. I question the constitutionality of two separate convictions when the crimes alleged involve the theft of a single item taken in a fluid course of action from a single victim. While I appreciate that the "lesser" of the two charged offenses is not a lesser-included offense of the more significant charge, I do not believe that this necessarily concludes the inquiry. However, as appellant failed to preserve this issue pursuant to Rule 5A:18, this is a question for another day.