COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Russell and Malveaux
Argued at Norfolk, Virginia

UNPUBLISHED

RONALD LEE GREEN

                                              MEMORANDUM OPINION* BY
v.        Record No. 0373-19-1                JUDGE MARY BENNETT MALVEAUX
                                              MARCH 10, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
William R. Savage, III, Judge

Afshin Farashahi (Afshin Farashahi, P.C., on brief), for appellant.

Mason D. Williams, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Ronald Lee Green ("appellant") was convicted of three counts of assault and battery on a

law enforcement officer, in violation of Code § 18.2-57(C), and one count of assault and battery, in

violation of Code § 18.2-57.  On appeal, he argues that the trial court abused its discretion during

the sentencing phase of his jury trial when it allowed the Commonwealth, through

cross-examination of appellant, to introduce his criminal record into evidence, because his direct

testimony had not opened the door for the Commonwealth to question him about his prior record.

Appellant further argues that the trial court abused its discretion by allowing this questioning

because the Commonwealth had not complied with the requirements of Code § 19.2-295.1.  For the

following reasons, we affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

The evidence adduced at trial established that appellant, while an inmate at a correctional facility, threw a cup of what appeared to be fecal matter at three sheriff's deputies and a nurse.

Appellant, representing himself *pro se* at trial with standby counsel, was convicted by a jury of three counts of assault and battery on a law enforcement officer and one count of assault and battery. During the sentencing phase of the trial, the Commonwealth presented no evidence. Appellant then testified on his own behalf, stating in total as follows:

> My evidence is that I've been – I've already spent too much invested in these proceedings and being found guilty, I'm going to spend even more time invested in these proceedings. Before I got locked up, I turned myself in for these charges. I had a ten-day sentence for a prior charge of driving. I turned myself in because I had a failure to appear in Virginia Beach on a driving charge.
> I haven't missed a work -- a day of work in five straight years, not one day of work have I missed. I have a twenty-one year[-]old son in college and I've got an eight-year-old son. I work every day. I've been to college twice. I have two college degrees, one in early childhood development and one in business administration, so I wasn't just doing anything on the street. I turned myself in the day of working. We was painting the Norfolk jail, Phase I, II, and III.
> This is a waste of my time, taxpayer's money, your time. I've been locked up since May of last year. I ask that the minimum -- the basic minimum on these charges be allowed to be already served, which I have. Thank you.

The Commonwealth then cross-examined appellant, and the following exchange occurred:

> COMMONWEALTH'S ATTORNEY: Sir, we're at the sentencing phase now so I think the jury gets to consider your character and all relevant evidence to punishment. You talked about your prior charge. It was a suspended driver's --
>
> [APPELLANT]: No. I didn't say talk -- I didn't say nothing about --
>
> COMMONWEALTH'S ATTORNEY: You did, sir. So let's talk about your prior charges.

[APPELLANT]:  No.  I don't want talk about my prior –

COMMONWEALTH'S ATTORNEY:  Okay. Well, I'm -- . . .
going to talk about it then.  Judge, I'm permitted --

[APPELLANT]:  Objection.

COMMONWEALTH'S ATTORNEY:  He put his character into --

[APPELLANT]:  Objection.  I didn't pull my character into -- I
didn't pull my character into it.  I was only informing them --

COMMONWEALTH'S ATTORNEY:  Sir, were you convicted
of --

[APPELLANT]:  Objection.

COMMONWEALTH'S ATTORNEY:  -- family violence, battery
-- . . . simple battery, four counts -- . . . -- child cruelty, two counts
-- . . . -- obstruction of justice in Gwin[n]ett, Georgia on . . . June
6th of 2001?

[APPELLANT]:  Objection.

THE COURT:  The objection is overruled, sir.

The Commonwealth's attorney then asked appellant if he had been convicted of several

other offenses on specific dates:  possession of cocaine in Clayton County, Georgia, on April 16,

2003; making terroristic threats in Gwinnett County, Georgia, on September 10, 2004; felony

interference with government property in Gwinnett County, Georgia, on May 23, 2006; and

domestic assault in Norfolk on February 9, 2010.  When asked about each offense, appellant

replied, "[o]bjection," and was overruled by the trial court.

Appellant then asked the court if the prior offenses were "relevant to this case" as the

offenses "were years ago and . . . were in another state."  Appellant argued that his "past history

of everything [he had] done since [he had] been alive" did not "apply to this case" and had "no

relevance to this case."  The court overruled this objection, stating that "[t]he Commonwealth

has a right to put on -- . . . for the jury's consideration your prior criminal record. . . . That's what he's doing."

The Commonwealth's attorney then asked appellant if he had been convicted of other offenses in Norfolk on specific dates: two counts of assault and battery against a family member, third or subsequent offense, on October 25, 2011; tampering with or destroying or disabling a fire suppression unit, on May 31, 2015; and domestic assault and destruction of property, on August 29, 2016.[1] When asked about each offense, appellant only replied, "[w]rong."

At that point, the Commonwealth's attorney stated, "Judge, I'd like to offer -- since he's denying all these, I'd like to offer all of his prior convictions, which I've just listed off . . . as Commonwealth's Number 2 -- . . . for the sentencing phase."[2] Appellant objected, arguing that he had not "open[ed] the door" for the Commonwealth to "bring in" his prior criminal record. Appellant further asserted that the Commonwealth was not allowed to admit the offenses because it had not given him prior notice as required under Code § 19.2-295. The Commonwealth acknowledged that it had not provided notice pursuant to that statute but argued that appellant had "put his credibility and his character at issue when he talked about his priors. He opened the door to bring in all those prior convictions." The Commonwealth also contended that during sentencing, the jury was to consider "all relevant evidence which includes criminal convictions."

---

[1] During this portion of cross-examination, the Commonwealth's attorney also questioned appellant about a prior assault and battery conviction but did not state either the conviction date or the relevant jurisdiction.

[2] At this point, the jury was excused for the court to hear the Commonwealth's argument as to the introduction of the criminal convictions. The jury reentered after the court denied the Commonwealth's motion.

The court overruled appellant's objection. The Commonwealth then again asked to introduce appellant's prior criminal convictions, noting that appellant had "denied every one of them." The Court denied the motion, stating that the jury had "heard it." Neither party presented any additional evidence.

The jury recommended a sentence of twelve months' imprisonment for each conviction for assault and battery on a law enforcement officer and twelve months' imprisonment for the assault and battery conviction.

Following trial, appellant and the Commonwealth entered into an agreement regarding sentencing in accordance with the jury's recommendations—appellant would receive one year's imprisonment on each offense of assault on a law enforcement officer, and twelve months' imprisonment on the assault and battery offense. Further, appellant would receive credit for his time served. The trial court entered a sentencing order reflecting this sentence.

Appellant appealed to this Court.

## II. ANALYSIS

On appeal, appellant argues that the trial court abused its discretion in allowing the Commonwealth to introduce, through cross-examination of appellant, his prior criminal offenses.[3]

---

[3] As an initial matter, the Commonwealth argues that appellant's assignment of error fails to address the ruling of the trial court and as such is insufficient. See Rule 5A:12(c)(1)(ii) (providing that "[a]n assignment of error which does not address the findings, rulings, or failures to rule on issues in the trial court . . . from which an appeal is taken . . . is not sufficient"). Appellant's assignment of error states that "[t]he trial court abused its discretion in the sentencing phase of the jury trial when it allowed the Commonwealth *to introduce into evidence*, through cross examination of Appellant, the criminal record of Appellant . . . ." (Emphasis added). Appellant notes that the trial court specifically denied the Commonwealth's motion to introduce the conviction orders; thus, appellant's assignment of error fails to assign error to an actual ruling of the trial court. However, we find that appellant's assignment of error does sufficiently alert this Court to the trial court's ruling that appellant's prior criminal history could be used during cross-examination. Thus, we reject the Commonwealth's contention that appellant's assignment of error violates Rule 5A:12(c)(1)(ii).

A trial court has broad discretion in determining the admissibility of evidence during sentencing proceedings. Runyon v. Commonwealth, 29 Va. App. 573, 576 (1999). "[T]o the extent the trial court makes an error of law in the admission of evidence, 'an abuse of discretion occurs,'" Abney v. Commonwealth, 51 Va. App. 337, 345 (2008) (quoting Bass v. Commonwealth, 31 Va. App. 373, 382 (2000)), and thus, "evidentiary issues presenting a 'question of law' are 'reviewed *de novo* by this Court,'" id. (quoting Michels v. Commonwealth, 47 Va. App. 461, 465 (2006)).

Code § 19.2-295.1, the statute that governs sentencing proceedings by a jury after conviction, states, in pertinent part, as follows:

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony . . . a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury. At such proceeding, the Commonwealth . . . shall present the defendant's prior criminal history, including prior convictions and the punishments imposed, by certified, attested or exemplified copies of the final order, including adult convictions and juvenile convictions and adjudications of delinquency. . . . The Commonwealth shall provide to the defendant 14 days prior to trial notice of its intention to introduce copies of final orders evidencing the defendant's prior criminal history, including prior convictions and punishments imposed. . . . Prior to commencement of the trial, the Commonwealth shall provide to the defendant photocopies of certified copies of the final orders which it intends to introduce at sentencing. After the Commonwealth has introduced in its case-in-chief of the sentencing phase such evidence of prior convictions or victim impact testimony, or both, or if no such evidence is introduced, the defendant may introduce relevant, admissible evidence related to punishment. Nothing in this section shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal.

This statute makes clear the procedures governing a sentencing proceeding following a conviction by jury. Relevant here, the Commonwealth "shall present the defendant's prior criminal history" after it has provided notice to him fourteen days prior to trial of its intention to introduce copies of final conviction orders. Code § 19.2-295.1 The defendant may then

"introduce relevant, admissible evidence related to punishment." Id. Of importance to this case, Code § 19.2-295.1 also provides in its final sentence that both the Commonwealth and the defendant may introduce "relevant, admissible evidence in rebuttal." See Commonwealth v. Shifflett, 257 Va. 34, 43-44 (1999) ("The statute . . . permits the Commonwealth to introduce 'relevant, admissible evidence in rebuttal' to that offered by the defendant.").

Appellant argues that the trial court abused its discretion by allowing the Commonwealth to question him about his prior offenses during cross-examination, because his testimony had not opened the door for the Commonwealth to question him about his prior criminal record.

However, the Commonwealth argues that its questions during cross-examination about appellant's prior criminal convictions were proper, as the Commonwealth was entitled to cross-examine appellant about specific acts in order to rebut his testimony regarding his good character. We agree.

During the guilt phase of a trial, it is well established that "[e]vidence of a prior independent crime, though tending to show a defendant's bad moral character, is generally inadmissible." Poole v. Commonwealth, 211 Va. 262, 265 (1970). "But the prosecution may introduce evidence of a prior crime to attack a defendant's character if he has attempted to show his good character or has testified in his own behalf and opened the door to impeachment." Id. Our Supreme Court "has uniformly held that even in the guilt phase of a trial where a defendant attempts to present evidence regarding his good character or history, which may mislead the fact finder, the Commonwealth is entitled to rebut the false impression and misleading evidence." Pughsley v. Commonwealth, 33 Va. App. 640, 646 (2000).

In addition, this Court has specifically addressed the introduction of evidence of a defendant's bad character in the context of sentencing proceedings under Code § 19.2-295.1. In Pughsley, during the sentencing phase of trial, the Commonwealth introduced evidence of

defendant's twelve prior juvenile convictions. Id. at 643. Several witnesses then testified on

defendant's behalf that he was a "sweet," "caring," "real fine," "very intelligent," and

"respectable" person, who was remorseful for the crimes he had committed. Id. at 643-44. In

rebuttal, the Commonwealth introduced evidence to rebut defendant's character by introducing

evidence of his behavior while in juvenile detention, including testimony that defendant had

repeatedly intimidated and threatened staff and other detainees and had at times been violent to

staff. Id. at 644. In addition, the Commonwealth introduced testimony relating to facts of

defendant's unadjudicated criminal behavior, including testimony that once while in a

convenience store, defendant had pulled out and brandished a .25 caliber semiautomatic pistol,

waving it in a threatening manner in front of the cashier merely because had she "looked" at him.

Id. On appeal, defendant argued that the trial court erred "in permitting the Commonwealth to

introduce prejudicial rebuttal evidence and evidence that went beyond and did not specifically

rebut his witnesses' character evidence." Id. at 645.

This Court rejected defendant's argument, holding that

> where a defendant puts on evidence that he has been of good
> character or has a "history and background" of being a good,
> law-abiding, caring, or remorseful person, the Commonwealth
> may, subject to the trial court's sound discretion, introduce
> evidence of specific acts in the defendant's "history and
> background" which rebuts the defendant's contention or proves
> that the defendant has a history or background of criminal or bad
> acts or is not of good character. . . . Once the defendant has
> offered proof of his character, history, or background, the
> Commonwealth is entitled to prove, subject to the sound discretion
> of the trial judge, that the defendant has a history of misconduct
> different from the picture he or she has painted.

Id. at 647. Our Court held that evidence of defendant's behavior at the juvenile detention center

and actions at the convenience store was proper evidence to rebut defendant's evidence that he

was a sweet, caring, non-threatening, and non-violent person, as "[t]he Commonwealth was

permitted to rebut [defendant's] evidence of good character and to correct the false impression [defendant] may have given the jury about his character." Id.

Here, as in Pughsley, appellant presented evidence of his good character. Appellant's testimony gave the jury the impression that he was a hard-working family man in light of his testimony that had not missed a day of work in five years and had two children. His testimony also suggested that his prior offenses were minor, as he only mentioned a "failure to appear in Virginia Beach on a driving charge." In addition, he gave the jury the idea that he was a law-abiding person in general, as he testified that he turned himself in for his prior offense, had college degrees, was working, and "wasn't just doing anything on the street." Because appellant introduced evidence of his good character through testimony that gave the impression that he was a hard-working, law-abiding citizen, the Commonwealth was entitled to cross-examine him about specific acts, in this case his prior offenses, in order to rebut his testimony.[4] Therefore, the trial court did not err in permitting the Commonwealth's attorney to cross-examine appellant about his prior convictions.

### III. CONCLUSION

We hold that the trial court did not abuse its discretion in allowing the Commonwealth to cross-examine appellant about his prior offenses during the sentencing phase of trial. Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[4] We note that appellant could have requested a limiting instruction for the trial court to instruct the jury to limit their consideration of appellant's prior convictions only as rebuttal evidence to his character evidence and not as substantive evidence of his guilt in regard to the prior convictions. However, appellant did not request a limiting instruction, and therefore none was given.

Petty, J., concurring.

I agree with the majority that appellant Ronald L. Green's convictions should be affirmed. While I don't disagree with the majority's analysis, I write separately because I think there is a narrower, more direct path to deciding the case. "In this case, the best and narrowest ground is our conclusion that the alleged trial court error, if error at all, was harmless as a matter of law." Commonwealth v. White, 293 Va. 411, 419 (2017). Although the Commonwealth was permitted to ask about appellant's purported prior convictions, appellant denied each one. He answered "wrong" to each assertion he had been convicted of a prior crime. Moreover, at the conclusion of the cross-examination of appellant, the trial court denied the Commonwealth's request to introduce a copy of his prior criminal history. As a result, there was no evidence before the jury of appellant's prior criminal record. Thus, I conclude that any error by the trial court, if error at all, in allowing the Commonwealth's questions was harmless because no evidence regarding appellant's criminal history was ultimately presented to the jury.